Robinson *v.* West.

and after issue joined, let all proceedings be stayed until the end of said 40 days.

[NEW-YORK GENERAL TERM, June 14, 1851. *Edmonds, Edwards* and *Mitchell,* Justices.]

———————o·o o———————

## ROBINSON *vs.* WEST.

Neither a justice's court, nor the marine court of the city of New-York, acquires jurisdiction of the cause, where the defendant, being a non-resident, is sued by a summons, returnable more than four days after its date, or served more than two days before the return day; and even if the defendant, when brought before the court by such illegal process, should ask for and obtain an adjournment, and, under force of that process, plead to the action, it will not authorize the entry of a judgment against him.

*It seems,* that where the statute declares, expressly, that a justice shall have no jurisdiction of the cause, if the defendant be not proceeded against as the law prescribes, this strips the justice of all official authority, and he possesses no more power to accept a waiver, and thus acquire jurisdiction, than a private individual would have.

THIS was a writ of error to review the judgment of the superior court of the city of New-York, on certiorari to the marine court of that city.

In the superior court, errors of fact were assigned, by the plaintiff in error, as follows. · 1st. That he was a non-resident of the city of New-York. 2d. That he was sued in the marine court of that city, in an action of *assumpsit,* by being summoned six days before the suit, instead of by a short summons. 3d. That he was not liable to be sued, in that court, except by a short summons, returnable not less than two, nor more than four days from the date thereof. The defendant in error joined in error, and thus admitted the facts; thereby presenting an issue of law, which was passed upon by the superior court. And its decision being adverse to the plaintiff in error, he brought his writ of error thereon to the supreme court. The facts relative to the proceedings in the marine court, are stated in the opinion of the supreme court.

*E. H. Hudson,* for the plaintiff in error.

*Wightman & Clark,* for the defendant in error.

*By the Court,* MITCHELL, J.   The plaintiff in error, although he was a non-resident of the county of New-York, was sued in the marine court of that city, by West, in an action of assumpsit, on a summons returnable ten days after it was issued, and served six days before the return day.

The non-imprisonment act (*Laws of* 1831, *p.* 403, § 33) provides, that in such cases, the defendant shall be proceeded against by summons, or attachment, returnable not less than two, nor more than four days from the date thereof; " and if such defendant be proceeded against otherwise, the justice shall have *no jurisdiction* of the cause."   Section 47 of the act, makes this section applicable to the marine court.

A number of cases have been cited to show, that when an informal process is issued, a defendant waives the informality by appearing, and pleading over.   In those cases, the practice of the court, or the statute, prescribed certain forms, but did not declare that the omission of them should prevent the court from having jurisdiction.   In such case the court might well hold that the objection to the want of form, in process, was waived by a plea which admitted that the party was properly in court.   But here, the statute is imperative : it expressly declares, that, " if the defendant be proceeded against otherwise, the justice shall have *no jurisdiction* of the cause."   It does not make any exception to this—as, that the justice shall have no jurisdiction, unless the defendant plead over, or waive the objection—but it positively precludes the justice from acquiring jurisdiction, if the defendant be proceeded against otherwise than as the law prescribes.   The legislature, no doubt, had a motive in this : they meant to protect the non-resident defendant from being sued out of his own county, except in the prescribed manner.   They may have apprehended that if they only forbade it, plaintiffs, and inferior courts, would disregard the law, trusting that the defendant, by his ignorance of his rights, might so act as to waive

Robinson v. West.

them. And to prevent any chance of this, the law may have been made as it is, expressly that the justice shall have no jurisdiction of the cause if the defendant be not proceeded against as the law prescribes; thus stripping the justice of all official authority, and giving him no more power to accept a waiver, and acquire jurisdiction, than a private individual would have. As Chief Justice Oakley says, in an analogous case, (*Cornell* v. *Smith*, 2 *Sandf. Sup. Ct. Rep.* 291,) " the imperative direction to dismiss the suit precludes any waiver from being inferred by pleading over to the action and going to trial." This statute is stronger than a direction to a justice, in certain events, to dismiss a suit, as that would almost imply, that he once had control over it. But here, the beginning of jurisdiction is prevented, by the words of the act.

The court below say that the defendant, by pleading over, must have agreed to enter an action in the court, without process. This would be to infer an agreement, contrary to all the facts of the case, brought home to the knowledge of the court, by the record before it. The return shows that the defendant was brought before the court by this illegal process ; and that it was under that process that he asked for an adjournment and obtained it, and asked that he might send for counsel, and got ten minutes to do it in, and under the force of that process he pleaded—and by virtue of that process, and not of any agreement to enter the action without process, the plaintiff took judgment against the defendant, in his absence, after waiting more than an hour for his return. The process is returned as the foundation of the action, and no agreement to enter the action without process is pretended, in the return. To infer such an agreement, under these circumstances, is to do violence to one's common sense. The suit being commenced by process, an agreement to *enter* the action without process, could hardly be established, without an express abandonment of the process, or an express agreement to enter or commence the action anew, without process.

The plaintiff below should have abandoned his judgment, as soon as his error was detected, and then he would have had no reason to complain, and would have suffered but little loss.

---

The judgment should be reversed, with costs of this court and of the superior court.