Piebbepont, J.
—The plaintiff, as assignee for the benefit of creditors, sues the defendant for the conversion of per- *144 so nal property which had been assigned. The defendant denies the charge and alleges that the property in question was taken by the sheriff, who seized it by virtue of an attachment against the assignor, and that the assignment to plaintiff was void as against creditors, for fraud, and that the defendant acted as the mere attorney of the creditor who caused the attachment to issue.
On the trial, the learned judge ruled, that as the attaching creditor was not a judgment creditor, he could not attack the assignment as fraudulent; to this ruling the defendant excepted. Since the trial, the case of Thayer v, Willett has been decided by the general term of this court, (9 Abbott, 325,) which settles the law the other way.
There seems much confusion in the case as to when this attachment was levied, by .whom levied, and- as to dates connected with it, which may become important, and which, upon a new trial, can probably be made clear.
As a new trial must be granted, we do not think it necessary at this time to pass upon the questions raised as to the validity of the attachment, the facts connected with which are now uncertain, and may be rendered certain by a new trial. The costs of the former trial should abide the event.
Hoffman, J.
—The learned judge at the trial, refused to admit in evidence the papers produced from the files of the Marine Court relating to the issuing of the attachment under which the. defendant justified.
He also refused to charge, either of three propositions which would have authorized the jury to pass upon the question of fraud in the assignment by Harney to the plaintiff.
He excluded evidence which tended directly to prove that the plaintiff, in whose favor the assignment was made, being first to be paid in full, was not a creditor.
These rulings were upon the ground, that the creditor for whose benefit the attachment was issued was not a *145 judgment creditor, or in a position to dispute the assignment, or, raise those questions concerning it.
The attachment itself had been read in evidence on cross-examination of the plaintiff’s witness without objection. It corresponded with that set up in the answer.
In this decision of the learned judge there was error, as settled in the case of Thayer v. Willet, (9 Abbott, 325, and 5 Bosw. 344,) at the general term of this court. Parties or officers acting under an attachment may impeach the validity of an assignment under which' the adverse party claims.
It is then answered that the attachment and proceedings upon it were absolutely void, not merely irregular; that the justice had no jurisdiction. The attachment was tested on the 30th of October, and made returnable on the 2d of November, 1851. It is insisted, that such an attachment could only be issued against a non-resident defendant, which the present defendant was not.
The proceedings were as follows : On the 24th of October the plaintiff took out a summons, which he attempted ineffectually to serve. On the 28th of October an affidavit was made, parts of which are hereafter noticed. On that day a summons was taken out returnable the 31st of October. On the 30th the sheriff returned thereon that he had made diligent search and that the defendant could not be found in his bailiwick. This was strengthened by an affidavit of Collins, deputy sheriff, made the same day. On this 30th of October an order was made for an attachment, and such attachment was tested that day, and returnable the 2d of November. On the 4th of November another summons was tested, returnable the 6th of November.
To understand this point, an examination of the provisions of law respecting the Marine Court and its process is necessary. The Marine Court arose from “ the justice’s court of the city of New York,” established by the 105th and 106th sections of the general act to reduce the laws relating to the city of New York, &c. (2 R. L. 1813, 381.)
The 112th section directed, that the fh;st process should *146 be in the same manner as directed by the 88th and 90th sections of the act, in like cases. The 88th section provided for a summons in the cases of freeholders and inhabitants having families, (with certain exceptions,) to be served at least six days before the day of appearance. Section 90 provided for a warrant to issue where the party was in danger of losing his debt, or the freeholder or inhabitant was about to depart from the city of New York. A non-resident plaintiff could have a warrant returnable immediately upon giving security. By the 116th section, the warrant, when issued, was to be made returnable forth-' with. Under the 118th section bail could be given for an appearance at the next court day, but if bail was not given, and the party was imprisoned, he could not be detained in ■custody for more than forty-eight hours.
The act of April 15, 181*7, extended the jurisdiction of this court to one hundred dollars. By the act of the 26th of March, 1819, this court was to be known by the name of “The Marine Court of the city of New York.”
The statute of April 12, 1822, contains no provision bearing upon the question before us. Then came the act of April 26, 1831, to abolish imprisonment for debt, and the amendment thereof by the act of the 29th of March, 1842. (Chap. 10*7, Laws 1842.)
By section 33 of the first act, whenever by the provisions of the 30th section of the same act, no warrant can issue, and the defendant shall reside out of the county, he shall be proceeded against by summons or attachment, returnable not less than two nor more than four days from the date thereof, which shall be served at least two days before the time of appearance mentioned therein; and if such defendant be proceeded against otherwise, the justice shall have no jurisdiction of the cause. The present case could. not have been brought within the provisions of the 30th section.
- By the 34th section, in addition to the cases in which suits may now (then) be commenced before justices of the peace by attachment, any suit for the recovery of any debt or *147 damages arising upon any contract, express or implied, or upon any judgment for $50 or less, may be so commenced, whenever it shall satisfactorily appear to such justice that the defendant is about to remove from the county any of his property with intent to defraud his creditors, or has assigned, disposed of, secreted, or is about to assign, dispose of, or secrete any of his property with the like intent, whether such defendant be a resident of this State or not.
By the 47th section, these provisions apply to process out of the Marine Court. On the 28th of October, the defendant made an affidavit, which was produced in evidence by the plaintiff, in which he states certain facts as to the assignment, the continued possession of the assignor’s wife and family, and his belief of its being with the intent to delay and hinder creditors. This was the affidavit on which the attachment was applied for and granted on the 30th of October. A bond was given as prescribed.
This meets the question of jurisdiction. The affidavit purported to make a case within the 34th section. Whether the court ought to have allowed the attachment on it, was matter of judicial discretion, with the exercise of which we have nothing to do, collaterally!
Much is said in the papers, of the. defendant concealing himself to avoid service of process. I do not find how this ground of attachment, which is a provision of the Code, (section 229,) is made applicable to process in the Marine Court. The 23d section of the act of April 5, 1813, for the recovery of debts to the value of twenty-five dollars, if in force, (1 R. L. 398, 2 R. S. 1830, page 230,) would cover the case. But these provisions do not extend to the city of New York, (2 R. S. 230 and 267.)
There is nothing in the 34th section defining expressly the time for the service of an attachment issued under it, and it might be contended that the analogy of the 33d section should prevail, and not less than two nor more than four days be the period.
But the 36th section gives rise to a difficulty. It provides that every attachment issued by virtue of this act, *148 shall be served in the manner now provided in said article, meaning article 2, title 4, chapter 2, part 3, of the Revised Statutes, as mentioned in section 35. By turning to those provisions (2 R. S., 230, sections 30 and 31) we find, that the attachment is to command the constable to make return of his proceedings at a time therein to be specified, not less than six, nor more than twelve days from the date thereof; he shall execute the same at least six days before the return thereof; and he shall immediately make an inventory, an4 leave a copy of the attachment and inventory at the last place of residence of the defendant. The 36th section of the non-imprisonment act alters this so that it must be served upon the party personally, if he can be found in the county.
The explicit language of the 33d section may very well prescribe another rule where the attachment is against a non-resident; but under the 34th section, it seems difficult to say that the regulation is not absolute and imperative.
The subsequent statutes which relate to the Marine Court, do not aid us in this enquiry. The law of March 27, 1849, and that of April 11, 1849, do not touch it. The Code speaks only of the jurisdiction. The act of April 17,1852, is equally void of any provision upon the point.
The act of July 21, 1853, extended the jurisdiction to the sum of $500 ; and it was decided in Churchill v. Marsh, in the Court of Common Pleas, (4 E. D. Smith, 370,) that this act enlarged the power of the Marine Court to issue an attachment in actions demanding a recovery to that amount, in the case of non-resident debtors.
In other respects, the act dqes not bear on the case before us.
And lastly, the statute of April 7, 1857, has not a word in it respecting attachments, except that in the seventh section the clerk is authorized to charge $1.00 at the time of issuing any summons, attachment or warrant.
From this review, it appears to me, that some few points are reasonably clear. Attachments issued by the Marine *149 Court, are only to be issued under the provisions of the non-imprisonment act of 1831, or the amendment of 1842.
Such an attachment is process for the commencement of an action. It was original process under the act of 1813. The justice, on its return, was to hear the cause as on a summons returned personally served. Sections 36, 31, and 38, proceed on the idea of its being original process. The cases- of Taylor v. Harker, (1 E. D. Smith, 391,) and of Churchill v. Marsh, (4 Ibid. 370,) confirm this view. When personal service of the attachment has been made, the suit is effectually commenced without anything more.
When the attachment is against a non-resident, the attachment must be served in not less than two, nor more than four days before the appearance day, or the justice has no jurisdiction, (Robinson v. West, 11 Barb. 309.)
Where the attachment, as in the present case, is under the 34th section, the question seems open and doubtful, what is the rule for its test, return and mode of service ? The attention of counsel is called to this point.
If the attachment was in this case regular, then the cause was duly commenced in the Marine court so that it' possessed jurisdiction; and then the question whether it properly exercised the jurisdiction on the case before it as made by the affidavit of Mr. McCunn, cannot thus collaterally arise ; and then also, the regularity or irregularity of the summonses issued, cannot enter into our judgment of this case.
An eminent judge has said in the Court of Appeals, upon one section of this statute, that the presumption undoubtedly is, that the Legislature understood what they intended; if so, the knowledge did not survive their dissolution, Hall v. Kellogg, (2 Kern. 334.)
A new trial must be had.
RoBEETsqu, J., concurred in granting a new trial.
Ordered accordingly.