Marvin, J.
The statute required that the defendant should be proceeded against by a summons returnable not less than two nor more than four days from its date, and it is declared “if such defendant be proceeded against otherwise, the justice shall have no jurisdiction of the cause.” (Sess. L., 1831, ch. 300, § 33.) Section 47 makes this section applicable to the Marine Court of the city of New York. The cause of action in this case, was one of those in which the Marine Court had jurisdiction. As the statute prescribes the kind of summons by which, the action shall be commenced, and as the statute was not followed in this case, it is clear that the proceedings should have been dismissed if the defendant had raised the question in proper time and manner. But having appeared and answered the complaint and joined in an adjournment, could he raise the question at the time of the trial of the issues, joined upon the merits ?
The summons in this case was not void. It is the process authorized and usúally employed in commencing actions in the Marine or Justice’s Court. It is not, however, authorized in a case where the defendant is a non-resident of the county, and when issued in such a case it is irregular, not being the kind of summons required by the statute in the particular cáse, and unless this irregularity is waived the court will have no jurisdiction of the cause. The statute does not declare a long summons void in any case, but it declares when certain facts exist, that a different summons shall be employed, and if not, then the court shall have no jurisdiction of the cause. It is not always easy to distinguish between an irregularity and a nullity, and the term void is sometimes used in our books as I think, without due consideration. Macnamara on Nullities, (pp. 2, 3, 6), says that an irregularity in its most general sense, is the technical term for every defect in practical proceedings, or the mode of conducting an action or defence, as distinguished from faults in pleadings, and that a nullity is the highest degree of an irregularity in the most extensive sense of that term, and is such a defect as renders the proceeding, in which it occurs, totally null and void, of no avail or effect *412 whatever, and incapable of being made so; and that it may, perhaps, be defined as a proceeding that is taken without any foundation for it, or that is essentially defective, or that is expressly declared to be a nullity by statute. He adds that it may be laid down as a certain rule, that whenever there is any doubt upon the matter, it will always be safe to treat the defect as an irregularity rather than as a nullity, and that there is a tendency in the judges to consider defects merely as irregularities. An irregularity, he says, may be waived, a nullity never can be waived.
Coleridge, J., in Holmes v. Russell (9 Dowl., 487), said: “It is difficult, sometimes, to distinguish between an irregularity and a nullity, but I think the safest rule to determine what is an irregularity and what is a nullity, is to see whether the party can waive the objection. If he can waive it, it amounts to an irregularity; if he cannot, it is a nullity.
In the present case I think it cannot be doubted that the defendant could waive any objection to the summons, on account of its being long instead of short, and not being such as the statute directed in the particular case. If so, then by appearing and answering, without raising the objection, he must be deemed to have waived it. ■ What consequence followed? Clearly that he was in court, upon an issue joined, in an action which the court had jurisdiction to try, and that portion of the statute declaring that if the "defendant be proceeded against otherwise, the justice shall have no jurisdiction of the cause, had no application to the case, as after the waiver the summons is to be regarded as sufficient, and as though it was a short summons such as the statute directs. It was not intended by the legislature to deprive the defendant of the right to waive the defect in the summons, a right of very extensive application in judicial proceedings. The fact that the party who may make the objection, has exercised the right of waiver, is almost always inferred from some act other than an express waiver. It is upon this principle that the order in pleadings by a defendant is established. Thus an omission to plead to the-jurisdiction of the court, is a tacit *413 admission that the court has a right to judge in the cause, and a waiver of any exception to the jurisdiction. This rule does not apply in those cases where the court cannot take cognizance of the subject matter of the suit or proceeding, and in such cases it would be the duty of the court on motion, or ex officio, to dismiss the action or proceeding, as all its acts would be without jurisdiction and utterly void. (Gould’s Plead., ch. 5, §§ 13-24.) The doctrine of waiver has no application in such cases where even express consent will not give jurisdiction.
The following are some of the cases of defective or unauthorized process in justices’ courts held to be irregular, and in which the doctrine of waiver was held applicable. (Day v. Wilbur, 2 Caines, 134; Malone v. Clark, 2 Hill, 657; Wood v. Randall, 5 Hill, 264; Sherman v. Comstock, 17 Wend., 457.)
In Harriott v. Van Cott (5 Hill, 285), the case was like the present, a long instead of a short summons, the defendant being a non-resident. He did not appear and the plaintiff obtained judgment, which the court held was void.
In Bowne v. Mellor (6 Hill, 496), the attachment was the long instead of the short one required by the statute, the defendant being a non-resident of the county. He did not appear. It was held that he might treat the process as void and recover his damages in an action of trespass or waive the irregularity, and take his remedy upon the bond.
Ho case has been found, except Robinson v. West (11 Barb., 309), in which it has been held that appearing and pleading to the merits of the action, was not a waiver of all defects in the process. And in all the cases where the defendant has appeared and answered to the merits, without raising any objection to the process, it has been held that the court had jurisdiction of his person, and if it had jurisdiction of the subject matter of the action, its jurisdiction was perfect.
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed.