# N. Y. COMMON PLEAS.

JOHN G. HAVILAND, *et al.* agt. LOUISA DONAI WEHLE.

An action cannot be commenced in the *marine court* of the city of New York (nor in a justice's court) against a *resident defendant, by short attachment.*

*General Term, January*, 1872.
*Before* DALY, *Ch. J.*, ROBINSON *and* LOEW, *JJ.*

APPEAL by the plaintiffs from a judgment of the marine court, at general term.

On the 8th day of December, 1869, these plaintiffs and others, commenced thirteen actions against the defendant, by attachments returnable two days thereafter.

Under these attachments the plaintiff removed all the defendant's goods from her store.

Subsequently said attachments were all vacated and set aside by the court, on the ground that they should have been long, instead of short attachments, the defendant being a resident of the city of New York.

As precisely the same question was presented in each of the said thirteen suits, the attorneys for the respective parties entered into a stipulation, whereby it was agreed, that the proceedings in the present suit only, should be printed, but that the decision rendered in this case should also apply to the twelve other suits, and that the same judgment should be entered in all.

The general term of the marine court having affirmed the decision of the justice vacating the attachments, the plaintiffs appealed to this court.

DUBOIS SMITH, *for plaintiffs and appellants.*
CHARLES WEHLE, *for defendant and respondent.*

*By the court,* LOEW, *J.*—The only question presented for our consideration on this appeal is, whether or not an action can be commenced in the marine court, against a resident defendant, by short attachment.

Section 34 of the act to abolish imprisonment for debt (*Laws of* 1831, *Chap.* 300, § 34), under which this attachment was issued, provides that in addition to the cases in which suits could be commenced by attachment, at the time of the passage of that act, any suit for the recovery of any debt or damage arising upon any contract express or implied, or upon any judgment, may be so commenced whenever it shall satisfactorily appear to the justice, that the defendant is about to remove from the county any of his property, with the intent to defraud his creditors, or has assigned, disposed of, or secreted the same, or is about to do so, with the like intent, whether such defendant be resident of this state or not.

That the allusion in this action to some other attachment, has reference to the long attachment provided for in article 2, title 4, chap. 2, part 3 of the Revised Statutes, and not as contended by plaintiff's counsel, to the short attachment by which suits are to be instituted against non-resident defendants, and which is authorised by section 33 of the non-imprisonment act, is I think, very clear, and especially so when it is considered that the said act, although passed April 26th, 1831, was by the terms of the last section (§ 48) not to take effect till March 1st, 1832.

That the legislature designed by said section to extend the class of cases in which long attachments could then issue, still further appears by the thirty-sixth section of the said act, which directs that every attachment issued by virtue of said act, or of the provisions contained in the said second

article of the Revised Statutes, shall be served in the manner in said srticle provided, except that if the defendant can be found in the county, the copy of such attachment and inventory shall be served on him personally, instead of leaving the same at the place prescribed in said article.

Now, it is plain, I think, that the word serve as used in the last mentioned section is eqivalent to, and was intended by the legislature to signify precisely the same thing as the word execute, as used in the said second article of the Revised Statutes.

The two words are used indiscriminately in said article, as will become manifest by reference to the thirty-first section which directs, that the officer to whom the attachment shall be delivered " shall execute the same," &c., and the thirty-fifth section which requires, that " the constable serving the attachment shall," &c.

In addition to this, the thirty-third section of the non-imprisonment act declares in terms, that the short attacnment authorised by said section against non-resident. defendants " shall be served at least two days before the time of appearance mentioned therein."

It is thus apparent, that when the thirty-sixth section of the same act declares that every attachment issued by virtue of said act, shall be served in the manner in said article provided, it means that every such attachment shall be served or executed at least six days before the return day as provided in section 31 of said article, except where a shorter time is expressly directed by section 33 of the non-imprisonment act, in regard to the attachment to be issued against a non-resident defendant.

If however, any doubt could still exist, as to whether an attachment issued by virtue of the provisions of the non-imprisonment act, should be made returnable, and served or executed as in said article provided, the same is, I think, effectually removed by other provisions of said act which ap-

pear to have escaped the attention not only of the counsel on either side, but also of Mr. Justice HOFFMAN, who delivered one of the opinions in the case of *Fallon* agt. *McCunn*, (7 *Bosw.*, 141).

By section 43, it is enacted that, all the provisions of the said fourth title of the Revised Statutes, not expressly repealed by said act, and not inconsistent with the provisions thereof, shall be in full force, and shall apply to the provisions of said act, so far as the same relate to proceedings in courts of justices of the peace.

Now, as the provisions of the second article of said title relative to the manner in which the attachment therein provided for shall be executed, &c., have not been repealed by and are not inconsistent with the provisions of the non-imprisonment act—in so far at least as the attachment provided for by the thirty-fourth section thereof, relates to resident defendants—the same have, in my opinion, by virtue of the said forty-third section, the same force and effect as respects justices courts, as if they had been incorporated in, and made a part of said act, by being rendered *in haec verba.*

Hence it follows, that the forty-seventh section, which declares that the provisions of said act from the twenty-ninth section inclusive (which, of course, includes the forty-third section) shall apply to executions, warrants, and other process issued by the marine court, and to all proceedings in said court, in the like cases, and in the same manner as therein provided in respect to justices of the peace, makes the provisions of said article equally applicable to that court.

It seems to me, therefore, to be beyond question that the attachment provided for by the thirty-fourth section of the non-imprisonment act, must, when issued against a resident defendant, be returnable in not less than six nor more than twelve days from its date, and must in all respects (except as otherwise directed by the thirty-sixth section of said act),

Haviland agt. Wehle.

be served or executed in accordance with the provisions of said second article of the Revised Statutes.

As the attachment in question was not so returnable, the same was unauthorized and void, and was properly vacated.

The judgment of the marine court must, therefore, be affirmed.

DALY, Ch. J., and ROBINSON, J., concurred.