NEW-YORK,
May, 1831.

In the matter
Pulver.

---

In the matter of JOHN M. PULVER, an insolvent debtor.

A *discharge* of an *insolvent debtor*, will not be set aside on *certiorari*, because the officer, before whom the proceedings was had, refused to hear the objections of a creditor, who appeared to shew cause *thirty minutes after the hour* appointed; the order of assignment having been made, the assignment executed, and the discharge signed, but *not delivered*, when the creditor appeared.

*It seems* that *one hour* would be a reasonable time for the officer to wait, before proceeding in the business on the day appointed for the creditors to shew cause; but this being a matter of sound discretion with the officer, the court in this case refused to interfere with the exercise of such discretion, the officer. having returned that he had proceeded in conformity to his usual practice in such cases.

CERTIORARI to vacate an insolvent's discharge. The recorder of Hudson, on the application of Pulver, for a discharge under the insolvent act to exempt his body from imprisonment, made an order for the creditors of Pulver to shew cause before him, at his office, on the tenth day of December, 1828, at *ten o'clock* in the forenoon, why such discharge should not be granted. On the appointed day, at a few minutes after ten A. M., Pulver appeared before the recorder, produced due proof of the publication of the order to shew cause, and demanded that an order of assignment should be

made ; such order was accordingly made, an assignment was forthwith executed, and a certificate of the assignee of the due execution of the same, delivered to the recorder, who thereupon signed and executed the *discharge.* Previous, however, to the discharge being delivered to Pulver, and at *about thirty minutes after ten o'clock A. M.,* an attorney appeared in behalf of one of the creditors, and announced that he had come to oppose the discharge, filed objections in writing, and demanded that they should be passed upon by a jury. The recorder decided that the objections came too late, and delivered the discharge to Pulver. The recorder stated in his return, that it was his uniform practice to grant discharges in such cases, precisely at the hour designated in the order to shew cause, unless he had received notice of an intended opposition, in which case, he waited a reasonable time for the party intending to oppose. The creditor sued out a *certiorari,*

· *J. Koon,* for the creditor,

*A. Vanderpoel,* for the insolvent.

*By the Court,* SAVAGE, Ch. J. The only question in this matter is, whether the judge or commissioner, to whom an insolvent applies for a discharge, is obliged to wait any time after the hour appointed for the creditors to appear and shew cause.

In this case a creditor appeared *thirty minutes after the time ;* the order for the assignment had been made, the assignment executed, and the discharge was signed but not delivered. It is contended that the officer, in a case like this, should wait one hour. In *Shufelt* v. *Cramer,* 20 *Johns. R.* 309, this court said a justice was bound to wait a reasonable time, and that one hour was such reasonable time. They say, " This is in conformity to the practice on a summons, to shew cause before a judge." The English practice on summons is to wait half an hour. 2 *Arch.* 278. One hour is no more than a reasonable time to wait for creditors to appear and shew cause ; but my difficulty is as to the power of this court to interfere in such matter. The legislature, I have no doubt, intended the creditors should have time

NEW-YORK,
May, 1831.

enough to appear. The language is, that the officer, on receiving the petition, &c. shall appoint *a day and place;* the expression of *time* and place is also used. In this case the officer did not proceed until after the hour; and he adopted, what was his usual practice, to proceed within a few minutes after the hour, when he had not been informed of any opposition. The proceedings cannot be said to be irregular, the commissioner had authority to proceed; and I am in favor of permitting such officers to exercise their own discretion as to their own practice.

I think the proceedings should be affirmed.