### CLARK *vs.* GARRISON.

Where a cause before a justice of the peace is held open to a particular hour on a subsequent day, the justice should, in analogy to the time given on adjournments, wait an hour after the time specified, for the parties to appear. And it is erroneous for him to call the cause, in the absence of one of the parties, and proceed to the hearing thereof, before the expiration of that time.

GARRISON sued Clark before a justice of the peace, in trover for a note, and recovered $25. Clark removed the judgment to the Saratoga common pleas, and the attorney for the defendant in error having been elected county judge, the cause came here on his certificate pursuant to section 31 of "An act to amend the act entitled ' An act in relation to the judiciary,' passed May 12, 1847." On the return day of the summons the parties appeared before the justice, and joined issue, and the cause was thereupon adjourned to Saturday at 1 P. M., when the plaintiff was ready, but the defendant obtained an attachment against one of his witnesses, returnable forthwith, and would not consent to an adjournment. After waiting until 8 o'clock in the evening, two witnesses of the plaintiff having left the court, he also obtained an attachment for *them*, which the justice made returnable on the following Monday, at 10 A. M., and held the court open until that time. On Monday, at 10½ A. M. by the time-pieces of the by-standers, and at 10 by the time of the justice, which he " knew" to be slower than the regular time, in order to give the defendant an opportunity to ap-

Clark v. Garrison.

pear. On the motion of the plaintiff the cause was called and the plaintiff introduced his proof, and the cause was submitted to the justice a little before 11 o'clock, A. M. The defendant and his counsel appeared a few minutes before 11 o'clock and offered to return the attachment, and stated that the witness was in court, and a trial was demanded by the defendant's counsel, which was refused; the plaintiff and his counsel having left the court. The defendant thereupon sued out a certiorari.

*J. K. Porter*, for the plaintiff in error.

*A. Bockes*, for the defendant in error.

*By the Court*, HAND, J. We think this judgment must be reversed because the justice did not wait one hour, for the defendant to appear. The statute gives this time to both parties on the return of the summons. (2 *R. S.* 233, § 46.) And in our opinion this is a reasonable time in all cases of adjournments, or where the cause is necessarily held open to a future day. The plaintiff has an hour to appear after an adjournment. (2 *R. S.* 246, § 119.) And by analogy he would be entitled to that time where the cause is held open to a particular hour on a subsequent day; and we cannot see why the defendant should not have the same indulgence. Indeed the point may be considered settled by authority. In *Shufelt* v. *Cramer*, (20 *John. R.* 309,) where the justice had nonsuited the plaintiff after waiting an hour, the court say: " The justice was bound to wait a reasonable time for the appearance of the parties. No case has yet decided what is a reasonable time. We think, however, that waiting a full hour after the time appointed, is giving a sufficient and reasonable time for the appearance of either party. This is in conformity with the practice on a summons to show cause before a judge. We are of opinion that as a general rule the justice must wait an hour for the appearance of the parties, and that he need wait no longer, unless some excuse, which he shall deem reasonable, be shown for giving

further indulgence." And the principle of this decision was approved by Nelson, J. in *Barber* v. *Parker*, (11 *Wend.* 52.) These were cases upon the plaintiff's appearance. But the language of the court lays down the rule as a general one. (*And see Picket* v. *Dexter*, 12 *Id.* 150; *Cowen's Tr.* 526.) In the *matter of Pulver*, (6 *Wend.* 632,) the court approved the rule, but thought they could not interfere in case of an insolvent debtor. We are satisfied it is better that the practice should be uniform. The judgment must be reversed.

Same Term. *Before the same Justices.*