Sherwood *v.* Saratoga and Washington Railroad Compan,.

[FRANKLIN GENERAL TERM, July 5, 1852.   *Willard, Hand, Cady* and *C. L. Allen,* Justices.]

---

## SHERWOOD *vs.* THE SARATOGA AND WASHINGTON RAIL-ROAD COMPANY.

A railroad corporation, whose road passes through two or more counties, may be sued before a justice in either county, provided the process can be served on the proper officer in such county.

A railroad company must be treated as an inhabitant and freeholder in each county where its track is laid.   Therefore a summons, issued against such a company, by a justice of the peace, must be made returnable not less than six nor more than twelve days from the time of service.

A summons, returnable within three days from its date, is a nullity.   The justice has no jurisdiction over the corporation, as a non-resident.

It is irregular for the same person to appear as attorney for both parties, on the return of a summons issued by a justice.

It should appear by the return to a summons issued by a justice, against a corporation, in what manner the process was served; so that the justice may be able to determine whether it was served on the proper officer.

Where, after issue joined in a justice's court, the cause is adjourned to another day, the justice should not proceed to the trial of the cause, at the adjourned day, in the absence of one of the parties, until after he has waited an hour from the time to which the cause was adjourned,

Sherwood *v.* Saratoga and Washington Railroad Company.

THIS was an appeal by the defendant from a judgment of the Washington county court. The cause was originally commenced before a justice of the peace, to recover damages for an injury to the plaintiff's land in overflowing the same by the construction of the railway, embankments, &c. adjoining the same. The justice gave a judgment for the plaintiff, for $61,75 damages, besides costs; and on appeal, the county court affirmed the judgment.

*W. L. F. Warren,* for the appellant.

*Wait & Parry,* for the plaintiff.

*By the Court,* WILLARD, P. J. This suit was commenced on the 29th of July, 1850, by summons returnable on the 1st of August, which was returned served, by Bushrod W. Sherwood, a constable of the town of Fort Edward, on the 29th of July, 1850. On the return day the parties appeared, according to the justice's return, by the same attorney and joined issue, and the suit was adjourned till the 10th of August, at 10 A. M.

The amended judiciary act of December, 1847, (*Laws of* 1847, *p.* 646, § 45,) repeals so much of the act of 1830, as to the jurisdiction of justices of the peace, as prohibited them from entertaining an action against corporations. (2 *R. S.* 226, § 4, *sub.* 5.) The act of 1847 prescribes that the process by which any suit shall be commenced before a justice, against a corporation, may be served on the presiding officer, secretary, cashier, treasurer, or any director or trustee thereof. The revised statutes provide that the first process against freeholders, &c. shall be by summons, returnable not less than six nor more than twelve days from the time of service. (2 *R. S.* 227, 228, §§ 13, 14, 15.) They provide also in the same section that no person shall be proceeded against by summons out of the county in which he resides. The justice, in this case, must have treated the defendant as an inhabitant of Washington county. The summons therefore was a nullity, being returnable within three days from its date.

This is not a case where a short summons was admissible under § 33 of the non-imprisonment act. (*Laws of* 1831, *p.* 403.) That section gives a short summons against a defendant only in cases where the defendant resides out of the county and cannot be proceeded against by warrant under the 30th section of the same act. The defendant was not exempt from arrest by virtue of the 30th section, but from the very nature of its being. The justice had no jurisdiction of the corporation as a non-resident. It is only upon the notion that the corporation might be treated as an inhabitant of Washington county, that he could entertain jurisdiction at all. In my judgment a railroad corporation, whose road passes through two or more counties, may be sued before a justice in either county, provided the process can be served on the proper officer in such county. A railroad company must be treated as an inhabitant and freeholder in each county where its track is laid.

This process, being irregular, was not cured by the appearance on the return day of it. The justice states that both parties appeared by the same attorney. The 45th section of the statute (2 *R. S.* 233,) requires the authority to appear by attorney to be either written or verbal, and that it must in all cases be proved, either by the attorney himself or other competent testimony, unless admitted by the opposite party; and the justice shall not permit any person to appear for another, without such proof or admission. It was irregular for one attorney to appear for both parties. The practice is of dangerous tendency, and should be discountenanced. Even in taking judgment by confession on bond and warrant of attorney, it was never allowed for the same person to act for plaintiff and defendant. Here the plaintiff served his own summons, and his attorney appeared for the defendant, without showing any authority.

I think it should also have appeared how the summons was served, so that the justice might have been able to determine whether it was served on the proper officer. For these reasons the justice did not obtain jurisdiction of the cause. There was no subsequent appearance of the parties, in person, nor by at-

Sherwood *v.* Saratoga and Washington Railroad Company.

torney whose authority was proved according to law, to give jurisdiction to the justice over the cause.

But admitting that the justice acquired jurisdiction when he adjourned the last time, it was irregular for him to proceed to the trial of the cause, on the last adjourned day, in the absence of the defendant, until he had waited an hour. The justice certifies that the cause was adjourned till 10 o'clock A. M. and that between 10 and 11, the plaintiff appeared by his attorney, and the defendant did not appear; whereupon he tried the cause, &c. He may have waited but a minute beyond the hour. It is true the statute (2 *R. S.* 233, § 46) requires the justice to wait an hour only on the return of a summons or attachment, and is silent as to the period he shall wait on the adjournment of the cause. But the supreme court, before there was any statute on the subject, held, in *Shufelt* v. *Cramer,* (20 *John.* 309,) that the justice should wait an hour for the party failing to appear on the adjourned day; and we have held the same way in several cases.

Without, therefore, looking into the evidence that was given, I am of opinion that, for the foregoing reasons, the judgments both of the justice and of the county court should be reversed.

Judgment reversed.