## WASHINGTON COUNTY COURT.

WILLIAM MILLER, Respondent, agt. WILLIAM LARMON, Appellant.

Where a person acting as an attorney, assumes to *appear* for a defendant in a justices court at the joining of issue and on the adjourned day, (without authority in fact) and is not sworn or questioned as to his authority to appear, either by the justice or the plaintiff, there is no appearance by the defendant which concludes him; consequently any irregularity or jurisdictional objection by him is not *waived*. Such appearance, however, concludes the plaintiff.

The *return* of a constable to the service of a summons is a *certificate* in both the technical and ' beral sense of the term; and consequently requires a *stamp* under the U. S. internal revenue act. And the omission of the stamp renders the certificate *invalid and of no effect*.

Congress designed by the amendment of 1867, to the internal revenue law, to provide two distinct things in the section as amended: One was to punish a party making certain instruments, with *intent*, &c., by *fine:* the other object was to punish or deter, from omitting the stamp, where there was *no inent to evade &c., by invalidating the instrument*.

Where the defendant does not appear in the action, an *adjournment* for more than eight days, either on motion of the justice or at the plaintiff's request is irregular and the justice loses jurisdiction.

*January Term,* 1870.

D. M. WESTFALL, *attorney. for appellant.*

E. FROST & A. S. BURDICK, *attorneys, for respondent.*

JOSEPH POTTER, *County Judge.*—This appeal is brought upon some grounds that would seem from first impressions to require the reversal of the judgment unless they were waived by defendant, and if there was no appearance there could be no waiver.

Was there an appearance on the part of the defendant before the justice? On the return of the summons the plaint-

iff appeared in person and by attorney, and Mr. ——— *assumed* to appear for the defendant. Issue was then joined and the case was adjourned for more than eight days upon the application of the person *assuming* to act for the defendant and with the consent of the plaintiff. The plaintiff made no objection to the appearance for the defendant, and the person assuming to appear for him was not sworn as to his authority to appear, nor was any proof of such authority given or required. On the adjourned day, two other persons *assumed* to appear for the defendant. Neither of them was sworn as to his authority and no proof of authority was given or required. The statute, (*sec.* 45, *of part* 3, *chap.* 2*d*, *tit.*, 4 *page* 428, 5*th ed.*,)requires that authority of a person to appear for another shall be proved unless admitted by the opposite side. If the person swears to it and is found authorized by the justice, the plaintiff cannot complain. If the plaintiff admits it expressly or impliedly by not objecting or requiring proof of authority, he cannot complain. The plaintiff in either case is concluded. But how as to the defendant who has not authorized the person to appear in justices court? He ought not to be concluded. In courts of record attorneys are sworn officers of the court, and if an attorney is responsible the court will sometimes turn the party, who has not authorized an appearance, over to his action for damages, or will set aside the proceedings if the attorney is irresponsible, according to circumstances; but justices courts do not possess the latter power. Must a party in a justices court have his rights unjustly and conclusively determined by the collusion of one to whom he has given no authority, and be turned over to his action for damages against a party who is perhaps irresponsible? This ought not to be so, and I cannot without some authority conclude that it is so.

There was therefore no appearance of the defendant in this case and no waiver of any irregularity or jurisdictional objection by him.

I think the return of a constable of the service of a summons is a *certificate* in both the technical and liberal sense of the term. (*Bur., Law., Dic.; Webster.*)

Does the absence of the stamp required to a *certificate* by the internal revenue act as it stood with the amendments thereto at the date of the return to the summons in this case, viz : May 16, 1868, invalidate the certificate or return of service of the summons, and render the proceedings subsequent to such service and the judgment in this action invalid and of no effect ?

By the provisions contained in sec. 95, of the act of 1862, on this subject, such omission or want of a stamp subjected the party issuing the instrument to a penalty of fifty dollars and rendered the instrument invalid and of no effect. The amendment of 1864, sec. 158, required *besides* the fact of omission to stamp, the "*intent* to evade the provisions &c.," in order to subject the party to a penalty or to invalidate the instrument from which the stamp was omitted. This section, 158, was further amended and its *phraseology changed* by the act of March 24, 1867. It provides in substance that any party who shall make, &c., without being duly stamped &c., with intent to evade, &c., shall forfeit the sum of fifty dollars, and such instrument &c., "*not being stamped according to law,*" shall be deemed invalid and of no effect. By this last amendment congress made a change in the phraseology and form of the section, and it seems to me the change is a significant one, and perhaps was made to meet the rulings in *Beebe* agt. *Hutton,* (47 *Barb* 187), and other cases holding that the "intent to evade, &c." was necessary to invalidate the instrument.

By the act of 1864, an instrument made &c., without being stamped and with intent &c., subjected the party to a penalty, and *such* instrument, *i. e.* an instrument made &c., without stamp *with intent to evade &c.,* was invalid. *Now* by the amendment of 1867, an instrument made &c., without stamp with *intent* to evade &c., subjects the party

to the penalty. That is one case : but the section provides *further* that such instrument " not being stamped *according to law* " shall be deemed invalid and of no effect. The intent of congress and the object and character of the amendment seem to me very plain and obvious. Congress designed to provide two distinct things in the section as amended : one was to punish a party making certain instruments with *intent* &c., by *fine :* the other object was to punish or deter from omitting the stamp, where there was *no intent to evade &c.*, by invalidating the instrument. Hence I conclude that the mere omission to stamp renders the instrument invalid and of no effect. But suppose the *intent* to evade is necessary to work the invalidity of the instrument ? How in this view of the act is that intent to be ascertained and determined ? Must the party impeaching the certificate show such intent ? I apprehend it will prove quite impracticable to do it. A party or an officer makes his return or certificate to the party or court, and goes away about his business or dies according to the ordinary vicissitudes of life. He only knows with what intent he omitted to do what the law required of him, and he cannot be found or perhaps is not living, to testify to that intent. In the mean time the proceedings must either be stopped until this intent is judicially ascertained and determined, or judgment must pass against a party in the action, subject to be confirmed or set aside with important proceedings affecting rights of person or property, as that intent shall ultimately be determined.

The common rule adopted from experience of its justice and practicability is, that every person is deemed to intend the ordinary and legitimate consequences of his acts, (*Howe* agt. *Carpenter*, 53 *Barb.*, 382 : this case arose before the amendment of 1867.) Another rule adopted from the same consideration is that every person shall be presumed to know the law. The law requires this return of service of summons to be stamped. The officer knew such to be the law.

knowing such to be the law he omits to do it.  Now in the absence of all other evidence or any explanation of the omission to stamp the instrument, what is the reasonable conclusion from these facts?  The ordinary mind would infer that the omission was intentional.  These views are derived from the act itself and the changes made in it from time to time.  How does the question stand on authority?  In 25 *How.*, 388 it is decided that a summons in supreme court issued without stamp is invalid, and that the act is constitutional.  This was under the act of 1862, requiring a summons as well as a certificate to be stamped, and was before the amendment in relation to the intent.  It was a case of simple omission, as the act of 1862 had nothing in it in relation to the intent, and is the same as we have construed the present law to be, that and the present law as above construed being the same for simple omission of stamp.  In the case in 36 *How.*, 188, (U. S. district court), it was virtually held that a subsequent offering of stamp to a promissary note, without application to the officer agreeably to section 158 of the act of congress, would not cure the defect.  However that case is not in point here, as no stamp was ever affixed to this return.  The case in 31 *How.*, is referred to as an authority that the appellant cannot raise the question or objection of a want of stamp on appeal.  In that case there was no stamp upon the summons.  There was no appearance by the defendant in the court below.  The county judge held that no stamp was required, and affirmed the judgment for that reason.  The supreme court held on appeal to it, that a stamp was required, but affirmed the judgment upon the ground that it was too late to raise the objection after judgment in the court below; "that the objection to the summons should have been made before the justice on the return day of the summons."  I do not think this case consistent with many well adjudicated cases, which hold that a party not appearing waives nothing, and other cases that hold that the party may raise the

question on appeal, though it is not stated in the notice of appeal as one of the grounds of error. (48 *Barb.*, 194) Perhaps the learned judge who delivered the opinion in that case meant that inasmuch as the summons was personally served, and the defendant had an opportunity of knowing whether it had a stamp upon it or not, and did know that the stamp was wanting ; the defendant waived the want of stamp by not appearing and objecting upon that ground upon the return day of the summons. If so, (and I fail to see any other waiver,) the case is different from the one before us, for in this case the defect was the want of a stamp upon the return, and this the defendant who did not appear in the case cannot be supposed to know and to waive. The court in that case say the omission to put the proper stamp &c., should perhaps be deemed presumptive evidence of the intent &c., but nothing more, " the paper is not void but voidable." Now if it was presumptive evidence of the existence of the intent which invalidates, and there is no other evidence or presumption, why does it not invalidate ? How can it be said that it is not void but voidable for such omission, with the intent presumed, and not disproved or explained, when the act of congress provides that the instrument thus unstamped shall be " invalid and of no effect?"

In the case before me there was no appearance by the defendant in the view I have taken, but the point was taken in the notice of appeal and was argued upon the appeal.

I am constrained to hold that the return was fatally defective for the want of the proper stamp, and the justice acquired no jurisdiction.

But if I had come to a different conclusion in relation to the question of stamp, yet as I hold there was no appearance of the defendant, the adjournment being from May 23d, to June 31st, was irregular, and the justice lost jurisdiction. A justice cannot adjourn upon his own motion exceeding eight days (if the adjournment was on his motion) nor can plaintiff adjourn for a longer period. The

Miller agt. Larmon.

application and consent of the defendant to the adjourn ment being unauthorized can avail nothing. In the view I have taken of this case there was no appearance by the defendant. The declarations of the unauthorized persons and the offers of delay of the plaintiff contained in the stipulation and forming part of the return, cannot be regarded.

The justice returns that at the place and *hour* to which the case had been adjourned, the case was proceeded with and judgment was rendered. I think it is fairly, perhaps necessarily inferable from the return that he did not wait the hour required when there is no appearance by the defendant; according to the authorities the judgment should be reversed for that reason, (20 *John.*. 309; 15 *Barb.*, 653, *and cases cited in Wait's Pr.*)

Judgment is therefore reversed with costs.