(1 Misc. Rep. 497.)

NICHOLS et al. v. PLACE.

(Orleans County Court. January, 1893.)

JUSTICES OF THE PEACE—TIME FOR APPEARANCE—ADJOURNED DAY.
    The rule requiring justices of the peace to wait one hour before proceed-
    ing to trial, unless the parties sooner appear, applies to an adjourned day
    as well as to the return day of the summons.

Appeal from justice's court.

Action by William H. Nichols and John Normile against Edwin
Place. From a judgment in favor of plaintiffs, defendant appeals.
Reversed.

W. P. L. Stafford, for appellant.
Thomas A. Kirby, for respondents.

SIGNOR, J. The action was commenced by service of a sum-
mons. On the return day the parties appeared, and an adjourn-
ment was had to a future day at 2 P. M. The plaintiff appeared at
2 P. M., and waited one half hour, when the justice took the proofs
offered, and, as appears by his return, entered judgment; and as
he had completed his entry, and at about a quarter before 3 o'clock,
the defendant appeared, and asked to have the case held open an
hour or so, and, on being informed that judgment had been entered,
he went away, but returned a few minutes before 3, and asked to
have the case opened. This was refused, unless plaintiffs should
consent, which plaintiffs refused to do. From this judgment an
appeal is taken to this court. The main ground of error urged is
the failure of the justice to wait one hour for the defendant to
appear. Counsel for the plaintiffs claims that the rule requiring the
justice to wait one hour applies only to the return day of the
summons, and not to an adjourned day. Wait, in his Law and
Practice in Justices' Courts, (volume 3, p. 696,) says: "The same
rule applies to the adjourned day, and a justice must in all cases
wait one hour before proceeding to trial on an adjourned day unless
the parties sooner appear;" citing in support thereof, Sherwood v.
Railroad Co., 15 Barb. 650; Stafford v. Williams, 4 Denio, 182;
Shufelt v. Cramer, 20 Johns. 309. He also lays it down as a rule
that when a case is held open to a particular time for a reasonable
cause—as for return of an attachment against a defaulting witness—
the same rule applies; citing Clark v. Garrison, 3 Barb. 372. It
has been held that when the defendant did not appear at all on
the adjourned day, and judgment was rendered before the hour had
expired, the judgment should be reversed for that reason. Miller
v. Larmond, 38 How. Pr. 417, 423. Benedict in his work on Civil and
Criminal Practice in Justice's Court says: "Where a cause before
a justice of the peace is held open to a particular hour on a subse-
quent day, the justice should, in analogy to the time given on
adjournment, wait an hour after the time specified for the parties
to appear." Volume 1, (6th Ed.) 285. The Code (section 3013)
provides for judgment of nonsuit against the plaintiff "if he fails

to appear within one hour after the summons is returnable, or within one hour after the time to which the trial has been adjourned." There seems to be no reason why on an adjourned day the defendant should not have the same consideration, and be allowed the same time, as the plaintiff. It was on the like provision found in 2 Rev. St. p. 246, § 119, which is re-enacted in Code Civil Proc. § 3013, that Clark v. Garrison was decided. The same rule is also laid down in Cowen's Treatise, and seems to have prevailed from the earliest organization of these courts. In this case it would seem that the plaintiffs or their attorney were still in court when the defendant appeared and requested to have the case opened, though it is not positively so stated in the return, but the justice says he refused to open the case without consent of plaintiffs, and they did not consent thereto, and the request was denied. The judgment must be reversed for the failure to wait one hour before proceeding with the trial on the adjourned day. Judgment reversed.