ROSS, J.
—Appeal from a judgment of nonsuit and costs, $16.-17, rendered in favor of the defendant by F. L. Maine, justice of the peace, May 31, 18951 The return made by the justice in relation to the adjournment is as follows: “Adjourned by consent to» May 31, 1895, at 9 o’clock a. m.” At which time judgment was- *170 rendered as above, without waiting one hour, which is claimed by the plaintiff and appellant to have been error.
An order for a new trial which had been made in this case places the parties in exactly the same position as upon the return of a summons:' It brings them into court, and “thereupon the like proceedings must be had in the action as upon the return of a summons personally served.” Code Civ. Proc. § 3065. If the parties made an agreement upon the return day that the ordinary practice of waiting an hour before moving the case should not apply, it should either have been reduced to writing and made part of the justice’s return, or it should have been made to appear in the return itself. There is nothing - in the return above, as -quoted, to indicate other than the ordinary adjournment. This is also true as to any proceedings which took place before the justice -on the return day which the respondent argues upon this appeal. "The simple fact that appears before me is the record of an adjournment, and of a default taken without waiting one hour. No case has been cited sustaining this practice, and I am unable to find -any; and, on the contrary, the decisions seem unmistakably to require the justice to wait ope hour upon the adjourned, as well as upon the return, day. Clark v. Garrison, 3 Barb. 372 ; Sherwood v. Railroad Co., 15 Barb. 650 ; Nichols v. Place, 1 Misc. Rep. 497. The right to appear before a justice of the peace within •one hour subsequent to which a case is adjourned is something more than a technical right,—a right protected by statute and sanctioned by the authorities; a right which has existed for,many years,—and for the violation of this right the judgment must be -reversed.