NEW-YORK,
Nov. 1805.

Lenox, Mait-
land, & Ren-
wick
v.
Howland, Rus-
sell, & others.

to declare within the year, and if he did not do so, he was *ipso facto* out of court. If some limitation of this sort was not in force, a cause might be hung up *ad infinitum*. In support of the application, he cited 2 *D. & E.* 112, and particularly the reasoning of *Buller*, J.

*Van Wyck* contra, argued that the only mode of putting a plaintiff out of court, was, by a rule to declare, or be *non-prossed*.

## Lenox, Maitland, and Renwick, *against* Howland, Russell, and others.

THE plaintiffs had, under the act authorising proceedings against absent debtors, procured, on the usual oath, an attachment against the property of the defendants, who resided in *Massachusetts.* They, by affidavit, set forth, that they never had any *dealings* with the plaintiffs, who, as shippers of property on board the ship *Ocean*, belonging to the defendants, claimed compensation for damage the goods had sustained in consequence of the vessel's having been run ashore when going up the harbour of *Liverpool*, by alleged negligence or misbehaviour of the captain, whereas the injury, if any, arose from the conduct of the pilot.

*Colden* and *Riggs* on these facts, moved to supersede the attachment, notice of which had been duly published. They contended, that the debts contemplated by the act, were such as might be set off, the words of the statute being, that the demand must be $100 above, or clear of *discounts.* Torts and unliquidated damages, therefore, not within the purview of the law, because of them no set-off can be made. *Bankrupt Act, sec.* 34. *Coop. Bank. Law*, 160. 224. 244. *Sell. Prac.* 42. 2 *N. Y. T. R.* 33, *Brown* v. *Cum-*

Under the act respecting absent and absconding debtors, this court will inquire into the foundation of the demand of the plaintiffs, and if it appear not to be such as to warrant the issuing an attachment, will order a *supersedeas*.

NEW-YORK,
Nov. 1805.

Lenox, Mait-
land, and Ren-
wick.

v.

Howland,
Russell, and
others.

*ming*. But allowing such a claim might be set off, the pi-lot, they said, was answerable. *Malyne* 59. 7 *D. & E.* 160. They referred also to the decision of this court, in the matter of *Fitzgerald*, an absent debtor 2 *N. Y. T. R.* 318.

*Hoffman* and *Harison* contra, argued, that the court had no jurisdiction in this summary way, as the act had chalked out the only mode of proceeding by which a *supersedeas* could be obtained. That as to the matter of the claim being without the statute, the 21st sec. had ordered a bond to be given, to appear and plead to any action, and the terms of the condition were broad enough to include all cases, excepting *pure* torts alone ; even to appear and answer to a bill in equity. To support the attachment, the oath of the plaintiffs is all that is required, and cannot be done away by a counter deposition from the defendants. It wold be, to try the cause by affidavit, and determine preliminarily, the fact of debt, or no debt. Whether the pilot or master were to blame, was not to be now investigated.

*Per curiam*, delivered by Spencer, J. We do not think that because the statute points out a particular mode, by which a *supersedeas* may be obtained, we are ousted of jurisdiction in this state of the case. We conceive that, from the general superintending power of this court, we have a right to examine, whether the attachment has not improvidently issued, and, on this ground, review the order of the judge by whom it was directed. On the present occasion, the plaintiffs have not contradicted the affidavit of the defendants, but, resting their opposition on the matter it details, have reposed themselves on its contents. Exercising, then, that right of control, which we think we possess, we cannot but see, that the plaintiffs have failed in shewing such a debt as is within the purview of the act. The statute applies only to those which are capable of being set off, not to demands which arise from torts, or *ex delicto*. As, therefore, the claim of the plaintiffs is stated to be of this nature, proceeding from the misfeasance of the captain, and this is not denied by the

opposite party, the motion must be granted; but with permission, however, to the plaintiffs, to shew, any day within term, that they have a debt such as is within the purview of the act.

KENT, C. J. I am against the motion, because I think the only remedy is under the 21st section of the act, which, in my opinion, is fully sufficient. If the bond there directed, be given, the question, whether debtor or not, within the statute, can be decided; for the instrument can apply only to debts within the law. The proceedings below are regular, and on that score we have, therefore, no right to interfere.

THOMPSON, J. I concur in the opinion of the Chief Justice.