ALBANY,
January, 1819.

Matter of
M'QUEEN
v.
MIDDLETOWN
MANU. Co.

In the matter of M'QUEEN and others *against* The MIDDLE-
TOWN MANUFACTURING COMPANY, *Absent Debtors.*

ON the petition of the above named creditors, and affida-
vits of their debt, and of the absence of the defendants out
of the state, pursuant to the act for relief against abscond-
ing and absent debtors, (24 sess. ch. 49.) the *Recorder* of
the city of *New-York*, on the sixth day of *November* last,
issued an attachment against the estate, real and personal,
of the defendants, directed to the sheriff of the city and
county of *New-York.*

*Caines*, for the defendants, now moved to set aside the
attachment and proceedings under it, on the ground that
process under this statute would not lie against a *corpora-
tion*, which, he said, owed its legal existence, or *personality*,
to the act creating it, and was limited in its locality to the
place of its creation. That *corporations* were never intend-
ed by the legislature, was apparent from the language of the
act, particularly of the 21st section.

*Romaine*, contra, contended, that the language of the 23d
section of the act was general, and broad enough to include
corporations, as well as natural persons. The estate, real
and personal, of *every debtor* who resides out of the state,
and is indebted within it, is made liable to be attached, and
sold for the payment of his debts, in like manner, in all re-
spects, as the estates of debtors residing within the state.
Now, a corporation may be a *debtor*, as well as a natural
person. Where the word *persons* is used in a statute, it in-
cludes corporations, as well as individuals : As where the
inhabitants of a town are bound to repair a bridge, or to
pay taxes, corporations as well as individuals are liable.
(2 *Inst.* 697. 703. *Cowp.* 33.) (a)

An *attachment* under the act relative to absconding and absent debtors, (24 sess. ch. 49. 1 *N R. L.* 157.) does not lie against the estate of a *corporation* existing in another state, and indebted within this state; for the act applies to *natural* persons only, not to bodies corporate.

*a* Vide *Bank of United States* v. *Deveaux*, (5 *Cranch*, 61.) A *corporation*, as such,
is not a *citizen*, within the meaning of the constitution of the *United States*, but if the

ALBANY,
January, 1819.

Matter of
M'QUEEN
v.
MIDDLETOWN
MANU. CO.

SPENCER, J., delivered the opinion of the court.   An attachment having been issued in this case against the estate of a corporation existing in *Middletown*, in the state of *Connecticut*, a motion is now made for a supersedeas, on the ground, that the statute for relief against absconding and absent debtors, does not authorize a proceeding against a corporation.   The attachment, it has been contended, may issue in such a case, under the 23d sec. of the act.   (1 *N. R. L.* 163.)   That section enacts, that the real and personal estate of every debtor who resides out of this state, and is indebted within it, shall be liable to be attached, and sold for the payment of his debts, in like manner, in all respects, as nearly as may be, as the estates of debtors residing within this state ;  and proof is required by two witnesses, of the residence of such debtor out of the state.   It cannot be doubted, that this section must be construed in connexion with the other sections of the act, and particularly with reference to the first, and twenty-first sections.   The first section regulates the amount of the debt for which an attachment may issue, and the twenty-first section provides, that if the debtor shall, before the appointment of trustees, apply to the Judge who issued the attachment, and give such security as he shall approve, to the creditor at whose instance the warrant issued, to appear and plead to any action to be brought, in any court of law or equity in this state, within six months thereafter, against him by such creditor, and to pay such sum as may be recovered in such action, in that case, such Judge shall issue a *supersedeas* to the warrant.   It is very certain, that no attachment can be issued under this act, against domestic corporations, for they cannot conceal themselves, nor abscond.   The court have no doubt, from a view of the whole act, that the legislature intended to authorize proceedings under it against natural persons only.   The 21st section supposes, that the person giving the security to appear, and plead to any action to be

individuals who compose the corporation are *citizens* of one state, it may sue a citizen of another state in the C. Court of the *United States.   (Mayor, &c. of London v. Wood,* 12 *Mod.* 669.)

brought, would, if within the state, be subject to a suit; and, we think, a foreign corporation never could be sued here. The process against a corporation, must be served on its head, or principal officer, within the jurisdiction of the sovereignty where this artificial body exists. If the president of a bank of another state, were to come within this state, he would not represent the corporation here; his functions and his character would not accompany him, when he moved beyond the jurisdiction of the government under whose laws he derived this character; and though, possibly, it would be competent for a foreign corporation to constitute an attorney to appear, and plead to an action instituted under another jurisdiction, we are clearly of the opinion, that the legislature contemplated the case of a liability to arrest, but for the circumstance, that the debtor was without the jurisdiction of the process of the courts of this state; and that the act, in all its provisions, meant, that attachments should go against natural, not artificial, or mere legal entities. The first section speaks of persons, and throughout the act, natural persons only were intended to be subjected to its provisions.

It is true, that there are cases in which corporate property has been held liable to be taxed, under acts which subject the property of *inhabitants* to taxation; but in all such cases, the tax operated *in rem*, on the estate; and it has been held, that whoever resided on the property represented, in that respect, the corporation, and in the view of the act were inhabitants; but it would not be correct to say, abstractly, that a corporation, or mere legal entity, was an inhabitant.

The statute under consideration being an innovation on the common law, ought not to be carried further, by construction, than the plain and manifest intention of the legislature indicates.

The power of the court to issue a supersedeas, if they adjudge the attachment to have issued improvidently, was settled in the case of *Lenox* v. *Howland*, (3 *Caines*, 257.) on the universally conceded superintending authority which this court has ever possessed over inferior jurisdictions, to restrain their proceedings when they are illegal and unwar-

ALBANY,
January, 1819.

Matter of
M'QUEEN
v.
MIDDLETOWN
MANU. CO.

Matter of
BRADHURST
v.
FIRST GREAT
S. W. TURN-
PIKE ROAD CO.

ranted ; and unless it did enjoy, and exercise this salutary power, there would, in many cases, be a defect of justice.

Rule for a supersedeas accordingly.