Johnson *v.* Cayuga and Susquehanna Railroad Company.

*H. Sturges,* for the plaintiff.

*F. U. Fenno,* for the defendant.

[MADISON GENERAL TERM, May 11, 1852. *Mason, Crippen, Shankland* and *Gray,* Justices.]

---

JOHNSON *vs.* THE CAYUGA AND SUSQUEHANNA RAILROAD COMPANY.

A railroad company may properly be sued in a justice's court, by long summons.

In cases of corporations, no provision is made by statute for process by warrant, or attachment, or short summons.

Upon an agreement by a railroad company to carry freight for the owner thereof, at so much per ton, it is not liable to refund to the freighter the

Johnson *v.* Cayuga and Susquehanna Railroad Company.

amount paid by him for weighing the freight; in the absence of any evidence of an agreement that the defendants were to weigh the same, or cause it to be done, or to pay for the weighing.

APPEAL from a judgment of the Tioga county court, reversing a justice's judgment in favor of the plaintiff in that court.

Johnson sued the defendant, a railroad company, in a justice's court, in the county of Tioga, by long summons. The defendant appeared by attorney and moved that the suit be dismissed, on the ground that the defendant had not been served with legal process; and alledged that the defendants were a corporation, whose office and chief place of business was in Ithaca, Tompkins county, and not in Tioga county, and that the summons in the suit was not by short summons; which allegations were not denied by the plaintiff; but it was admitted that the defendant's railroad extended into the county of Tioga, and that its business was partly transacted in that county. The motion was denied. The plaintiff then declared for money laid out for the defendant, in paying for weighing plaster, which by contract between the parties the defendant was to pay, and should have paid, and which the plaintiff was compelled to pay. The defendant denied the facts stated in the complaint. Evidence was then introduced to prove that in 1850 the agent of the defendant agreed to transport plaster for the plaintiff, from the top of the hill south of Ithaca to Owego, for one dollar per ton, but the agent, in answer to the plaintiff's inquiry, told him the defendant's scales were out of repair; and in reply to the plaintiff's further inquiry, told him Seymour's scales were the handiest to weigh at. The plaintiff drew the plaster in wagons from the lake landing to the top of the hill, and on the way there got it weighed at Seymour's, who charged it to the plaintiff. The defendant's agent at the hill station received the plaster, and not knowing it had been weighed, estimated its weight, and charged for it at his estimate; but on the final settlement corrected the estimate by the bill of weight produced from Seymour's. It appeared the defendant had been in the habit of carrying plaster over the road for the plaintiff and others for many years, and of weighing it for the purpose of making their charges, but had never made any sepa-

Johnson v. Cayuga and Susquehanna Railroad Company.

rate charge for such weighing. But during the year 1850 they had carried freight by estimate, in consequence of the scales having broken down. The jury found a verdict for the plaintiff for the expense of weighing at Seymour's scales, $11,62, on which judgment was rendered, and which judgment the county court reversed.

*John J. Taylor*, for the appellant.

*J. M.* and *G. W. Parker*, for the respondent.

*By the Court*, SHANKLAND, J. Two questions are discussed in the points submitted; first, could the defendant be sued by long summons? second, was there any evidence to sustain the verdict of the jury?

On the first question I am of opinion that the defendant was properly sued by long summons. The constitution of 1846 provides that corporations may be sued in like cases as natural persons, before justices; and § 45 of the act amending the judiciary act of 1847, provides the mode of service of process in such cases, and directs it to be served on the presiding officer, secretary, cashier, treasurer, or any director or trustee thereof. In the absence of statutory regulations to the contrary, the ordinary long summons is the proper and legitimate process of a justice's court. In cases of corporations, no provision is made for process by warrant, or attachment, or short summons. The provisions made by statute for process by warrant, attachment and short summons, are for the cases of natural persons sued as defendants, and not corporations. The words "resident" and "non-resident," used in the statute, in respect of process by warrant and short summons, seem inappropriate when applied to corporations.

On the second point I am of opinion that there is no evidence of any agreement, express or implied, that the defendants were to weigh the plaster or cause it to be done, or to pay for it at Seymour's. Although the defendants had done it, in previous years, for their own convenience, yet they had not done so after the scales were broken. Nor could there be an implication of

an agreement to do it, from a previous habit, when it arose from motives of mere convenience to themselves, in order to regulate their own charges.   Had the defendants weighed this plaster, the plaintiff would not have been bound by it, when he came to pay for the transportation; nor was the weighing of it, by the company, a condition precedent to the right of recovery.

The plaster in this case was weighed by the plaintiff's own request, and at his own suggestion, and before it was delivered to the defendants to be carried; and without the knowledge of the defendants, when they received it, that it had been weighed.

As there was not any evidence tending to prove a liability on the part of the defendants to pay for weighing the plaster, the judgment was properly reversed.

Judgment of county court affirmed.

[MADISON GENERAL TERM, May 11, 1852.   *Mason, Crippen, Shankland* and *Gray*, Justices.]