NEW–YORK PRACTICE REPORTS. 17

Belden agt. The New-York and Harlem Railroad Company.

## SUPREME COURT.

TABER BELDEN, Respondent, agt. THE NEW–YORK AND HARLEM RAILROAD COMPANY, Appellants.

*A railroad company* cannot be sued before a justice of the peace of a town through which their railroad passes, by a *short summons.* They are to be treated as inhabitants and freeholders in each county where their track is laid; consequently, entitled to the privilege of a long summons.

And they do not waive this objection by appearing and pleading after the objection is overruled.

*Second District General Term, Poughkeepsie, April,* 1857.

*Present,* S. B. STRONG, *P. J.,* BIRDSEYE *and* EMOTT, *JJ.*

THE defendants, a part of whose road passes through the county of Dutchess, were sued in this action before a justice of the peace, in the town of Washington, in that county. The summons by which the action was commenced, was issued on the 11th January, 1855, was made returnable on the 15th of the same month. It was served on the 12th of that month. From the form of the summons, as well as from the affidavit taken before issuing it, it is obvious that the defendants were proceeded against as non-residents of the county. The defendants appeared and took the objection that the defendants were entitled to be sued by a long summons only, and to have service six days before the time of appearance named in the summons. The objection was overruled, and then the defendants answered, and went to trial.

E. M. SWIFT, *for plaintiff.*

R. G. DORR, *for defendants.*

By the court—BIRDSEYE, Justice. The same question is now presented. As it is already settled upon authority, we shall content ourselves with resting our decision upon those authorities; adding, only, that the principles of the cases to be cited, approve themselves to our judgment.

In *Johnson* agt. *The Cayuga and Susquehanna Railroad Company*, (11 *Barb.* 621,) the general term of the sixth district, passed upon this very question; the learned Mr. Justice SHANKLAND delivering the opinion. They held that a railroad company may properly be sued in a justice's court, by long summons : that in cases of corporations, no provision is made by statute for process by warrant or attachment, or short summons, the provisions for such process being for the cases of natural persons when sued as defendants, and not of corporations.

In *Sherwood* agt. *The Saratoga and Washington Railroad Company*, (15 *Barb.* 650,) the court expressed a similar opinion. They held that a railroad company must be treated as an inhabitant and freeholder, in each county where its track is laid ; that such a corporation, whose road passes through two or more counties, may be sued before a justice in either county, provided the process can be served on the proper officer, in such county ; but that the summons, issued against such company, by a justice of the peace, must be made returnable, not less than six, nor more than twelve days from the time of service ; and that a summons returnable in less than six days is a nullity ; the justice thereby acquires no jurisdiction over the corporation as a non-resident.

The authorities are numerous and conclusive to the point that such an objection is not waived, by appearing and pleading after the objection has been overruled. (*See Avery* agt. *Slack*, 17 *Wend.* 87; *Hill* agt. *Stocking*, 6 *Hill*, 314; *Cunningham* agt. *Goelet*, 4 *Denio*, 71; *Ressequie* agt. *Brownson*, 4 *Barb.* 541; *Allen* agt. *Stone*, 9. *Barb.* 64; *Robinson* agt. *West*, 11 *Barb.* 309.)

As, therefore, the justice's court acquired no jurisdiction of the defendants, and had no authority to render any judgment against them, it becomes unnecessary to examine any of the other errors alleged to have been committed by the justice. The judgment of the county court of Dutchess county, and of the justice, are reversed with costs.

(EMOTT, J., having been consulted, took no part in this decision.)