## NEW YORK COMMON PLEAS.

JACOB LOOMIS, respondent agt. JAMES BOWERS, appellant.

The *district courts* in the city of New York have no jurisdiction of actions *to recover the possession of personal property.*

*General Term, January,* 1862.

DALY, BRADY and HILTON, *Judges.*

THIS was an appeal from a district court judgment rendered for plaintiff in an action for the claim and delivery of personal property.

F. BYRNE, *for appellant.*

I. That the said court had not jurisdiction of an action to recover the possession of personal property, nor to render a judgment for the possession of the property described in the affidavit, or for any part thereof.

II. That jurisdiction of such actions is given only to courts of record, and to courts of "justices of the peace," in an action where the value of the property shall not exceed $100.

R. S. GUERNSEY, *for respondent.*

I. That the said court had jurisdiction in this case.

Subdivision 10, of section 53, of the Code, as amended in 1860, applies as well to the so-called district courts of the city of New York as to any justices' courts.

District courts were originally justices' courts, and their jurisdiction has been extended from time to time without taking away any of their former powers.

II. The district court act is declaratory when it says: "These courts have jurisdiction in actions similar to those mentioned in sections 53 and 54 of the Code," &c., and extending the amount to be recovered therein to $250.

They were merely called "district courts" by the sta-

tute, and numbered to distinguish them from each other, and not to organize new courts of special jurisdiction by that name. (*See Laws* 1852, *p.* 471, *District Court Act,* § 1.)

III. The amendment of section 53 of the Code permits justices' courts to have jurisdiction in actions for claim and delivery of personal property to a certain amount; and district courts, as we have before seen, are justices' courts with their powers extended. (*See first point.*)

A familiar rule for the construction of statutes is, that in laws which permit anything to be done, the consequence is drawn from the greater to the lesser. Thus, those who have a right to give away their goods for nothing, have much more a right to sell them. And in a like manner, those who have a right to appoint executors by testament, have, with much greater reason, a right to bequeath particular legacies. (*See Smith's Construction of Statutes,* § 473, *p.* 623.)

IV. If the legislature had intended that said amendment was not to apply to the said district courts, they would have excepted them by special words, as they have in section 354 of the Code.

V. Section 3 of district court act has virtually adopted section 53 of the Code as a part of itself, and if so, any after-amendment to section 53 applies to all courts that have adopted it.

1. It has always been a principle in the construction of statutes, that where one statute is enlarged by a second, and a third is passed reciting the first, the second is regarded as virtually recited in the last. (*See Smith's Con. Statutes, p.* 758, § 642.)

2. Thus, the superior court of the city of New York, the superior court of the city of Buffalo, and the city court of Brooklyn, when they were organized, adopted some parts the Code and practice of the supreme court; and it is undisputed, that after-amendments to the Code apply as well to said courts without recital, as to the supreme court.

Loomis agt. Bowers.

By the court, HILTON, J.   The single question this appeal presents is, whether the district courts in the city of New York have jurisdiction of actions claiming the delivery of personal property wrongfully withheld or detained, and to recover the possession thereof.

By the act of April 13, 1857, under which these courts were organized, they had conferred upon them jurisdiction in actions similar to those provided by sections 53 and 54 of the Code of Procedure, when the sum recovered should not exceed $250.   (*Sess. Laws* 1857, *vol.* 1, *p.* 307, § 3.)   At that time an action of this character was not specified in the sections of the Code referred to.

Subsequently, in 1860, an act was passed entitled " An act to amend section 53 of the Code of Procedure, and to extend the jurisdiction of Justices' Courts, and to provide for proceeding therein," (*Sess. Laws*, 1860, *p.* 209,) which amended the section by adding to it a tenth subdivision, by which justices' courts were vested with jurisdiction of actions to recover the possession of personal property claimed where its value should not exceed $100.   Then follow twelve sections devoted to the proceedings which are necessary to be adhered to in such actions, and which are nearly analogous to those prescribed by chap. 2, title 7, part 2 of the Code, (§ 206 *to* 218,) respecting actions for the claim and delivery of personal property, when brought in a court of record.

In 1861 another act was passed amending section 53 of the Code, by increasing the jurisdiction of justices of the peace, and extending it to all the cases there named where the amount claimed does not exceed $200, they having been previously limited to actions where the sum claimed did not exceed $100; and it was declared that this act should not be construed to repeal, impair, modify, or in any manner affect the previous act passed in 1860.

In connection with these two acts it may be remarked, that although the act of 1860 amended section 53 of the

Code by adding to it a tenth subdivision, yet the act of 1861, which declares that the section shall be amended so as to read only as there given, omits the subdivision previously added, and concludes with a section declaring as above stated.

Applying the familiar legal principle that inferior courts, not of record and not proceeding according to the course of the common law, are confined strictly to the authority given them, taking nothing by implication, but must in every instance show an express power, (*Jones* agt. *Reed*, 1 *John. Cases*, 20 ; 4 *Black. Com.*, 268 ; *Rex* agt. *Whitear*, 3 *Burr.*, 1366,) it is obvious that the district courts have not jurisdiction of actions to recover the possession of personal property.

Under the act of 1857, they are limited to certain actions " when the sum recovered shall not exceed $250 ;" that is, they can entertain actions for the recovery of money only in specified cases, and no other.

It is true that, by the act of 1860, section 53 of the Code was amended by adding to it a subdivision by which courts of justices of the peace acquired jurisdiction over actions to recover the possession of personal property where its value does not exceed $100, but the jurisdiction there given is in the nature of a special statutory proceeding, and which must be pursued by the justice in the particular manner there prescribed. The provisions respecting the form of the proceeding it will not be pretended are applicable to any other than justices' courts, and therefore, if it ever should be conceded that by the amendment of section 53 of the Code, the district courts became vested with power over actions of this nature, they would still be left without any law prescribing the manner in which such a special and peculiar jurisdiction could be exercised—unless it may imply that it should be pursued in the same manner as in courts of justices of the peace. This we cannot do.

The judgment should therefore be reversed.