SUPREME COURT.

PHILO STEVENS and others agt. THE PHŒNIX INSURANCE COMPANY OF HARTFORD.

A *foreign insurance company* created by the laws of another state, but doing business in this state, under and in compliance with our laws, on being sued by a citizen of this state, cannot remove the cause into the circuit court of the United States, on the ground that it is a *citizen of another state.*

*Oneida Special Term, March,* 1863.

MOTION by defendant to remove cause to circuit court of the United States for the northern district of New York, upon the ground that the plaintiffs are citizens of the state of New York, and the defendant is a corporation created by the laws of Connecticut, and located and do-ing business in that state.

Mr. KERNAN, *for the motion.*
Mr. TOWNSEND, *contra.*

ALLEN, Justice.   The petition and security of the de-fendant for the removal of the action from this court to the circuit court of the United States are in due form, and in conformity with the federal judiciary act author-izing the proceeding.   (1 *Story Laws of U. S.,* 57, § 12.)   If

the defendant, therefore, is within the act a citizen of the state of Connecticut, this court has no discretion, and it is a matter of course to grant the order for the removal. (*Vandevoort* agt. *Palmer*, 4 *Duer*, 677 ; *Norton* agt. *Hayes*, 4 *Denio*, 245.) Before the case of *The Louisville, Cincinnati & Charleston R. R. Co.* agt. *Letson* (2 *How. U. S. R.*, 497,) it was supposed that the citizenship could not be predicated of a coporation, so as to give the federal courts jurisdiction of actions to which it might be a party, unless all the corporators were citizens of the same state. That is, the corporation, as such, was regarded as having no citizenship but the citizenship of the several associates and corporators, which was alone regarded in determining the question of jurisdiction. (*Curtis* agt. *Strawbridge*, 3 *Cranch*, 267 ; *Bank U. S.* agt. *Devaux*, 5 *id.*, 84 ; *Commercial & R. R. Bank of Vicksburg* agt. *Slocomb*, 14 *Peters*, 60.) But a more reasonable and convenient rule was adopted in the case first cited. Corporators, as individuals, were held not to be parties to the action as suitors, but merely parties having an interest in the result represented by the corporation—an artificial person created by authority of law, having for the purposes for which it was created many of the powers and capacities of a natural person, including the power of suing and being sued. The court did not decide that a corporation, created by the laws of a state, must necessarily be treated as a citizen of that state for all purposes of suing and being sued. The decision was guarded and carefully qualified, and was merely to the effect that a corporation, created by, and transacting business in a state, is to be deemed an inhabitant of the state *capable of being treated* as a citizen for such purposes, and that an averment of the facts of its creation, *and the place of its transacting business,* was sufficient to give the circuit courts jurisdiction. This is the language of Judge WAYNE, by whom the decision was pronounced, and at the close of the

opinion he says : " Where the corporation exercises its powers in the state which chartered it, that is its residence, and such an averment is sufficient to give the circuit courts jurisdiction.". Although a corporation cannot migrate, they may,.by the comity of other states, transact business in such states ; and although they cannot by force of their organization have an extra territorial existence, they may be, and are, recognized as corporations capable of suing and being sued beyond the limits of the state of their creation. When they avail themselves of this comity and of the privileges thus conferred, and transfer their business, or any part of it, to another state, and establish agencies within such state, although they remain inhabitants of the state of their incorporation, for the reason that the " artificial, invisible and intangible being," the "mere creation of law," and of a positive law which has no force *ex proprio vigore* beyond the limits of the state jurisdiction, cannot migrate ; they *quoad* the business thus transferred, lose their citizenship, and become to that extent citizens of the state under whose laws they transact their business, and of whose governmental protection they avail themselves. The corporaration is an " invisible, artificial " existence, represented and acting by agents, and may as well be thus represented and thus exist in one place as another, and by one set of agents as another, and is not necessarily confined to any one place or state, or to personation by agents of any particular character. It is truly restricted as to its liability, which is imaginary at the best, by the terms of its charter, and the jurisdiction and authority of the power by which it is brought into existence.

But the defendant in this action has gone further, and has expressly submitted itself to the jurisdiction of this state, and consented to do business here, not solely in virtue of its charter and incorporation by the legislature of Connecticut, but under and by authority of the laws

of this state. By the "act to provide for the incorpora-
tion of fire insurance companies" in this state, (*chapter*
466 of *Laws* of 1853,) the business of fire insurance by
foreign corporations is regulated and restricted, and such
corporations doing business in this state must conform
to that law and the regulations therein prescribed. The
defendant in this action has complied with these regula-
tions, and is doing business within this state under the
authority conferred by that act, and was sued with pro-
cess in this action through an agent appointed under that
law for that purpose. · Sections 23 and 24 of that act, (2
*R. S.*, *5th ed.*, 762, 764,) contain the important provi-
sions upon this subject. By these sections, foreign insur-
ance companies taking risks or transacting business of
insurance in this state, must possess the capital required
of similar companies chartered within this state; they
must appoint an attorney in this state, upon whom pro-
cess of law can be served, and must file annually a de-
tailed statement of their capital, their assets, securities
and liabilities, and must procure from the comptroller a
certificate of their having complied with the provisions
of the act. They are also subject to the visitation and
examination of the comptroller, and the authority to in-
sure in the state may be revoked by him.

Saying nothing of the other acts of the defendant, by
which it has submitted itself to the jurisdiction of this
state, and consented to do business under its authority,
the appointment of an agent to represent it and accept
the service of process issuing out of the courts of this
state, is a surrender of the right to be treated as a citizen
of Connecticut as to actions thus commenced. They have
stipulated as to the jurisdiction of the courts of this state,
and cannot revoke such stipulation. It would be con-
trary to the spirit of the act under which they have en-
gaged in business here, as well as a breach of faith toward
those who have insured with them, under the idea that for

all the purposes of being sued they occupy the same posi-
tion as a domestic corporation.   To appoint an agent to
be served with process, and through whom they may be
sued, is inconsistent with and repugnant to the idea that
they may repudiate the jurisdiction of the court, and.
avail themselves of the plea of a foreign citizenship.   I
think the case is clearly within the qualification of the
rule plainly implied in the *Louisville, &c. R. R. Co.* agt.
*Letson.*   The defendant is an inhabitant of Connecticut,
but it has yielded its *quasi* or qualified citizenship, which
is the most that it can have in that state, *qua* the busi-
ness of its agencies in this state.

The motion is denied without costs.