By the Court.—Daly, Ch. J. [orally].
Although it is not a matter of course to allow an appeal to the *358 court of appeals in an action arising in a district court, we are very reluctant to refuse such a motion, desiring to give opportunity for oar decisions to be reviewed in every case in which there is no clear reason why it should be refused. But in this case, the claim of the plaintiff is very small, and is for his services in sweeping out the offices of the defendants; and should we send the case to the court of appeals, the delay would be a great hardship to him; and it is suggested that he is unable to bear the expense of litigating the case in that court.
We must require a statement of the ground upon which counsel deem the judgment of the court erroneous, and expect to succeed in reversing it.
Re-argument ordered.
II. March, 1871. Re-argument of'merits of appeal.
B. C. Chetwood, for defendant, appellant.
William C. Clifford, for plaintiff, respondent.
By the Court.—Robinson, J.
The only question presented on this appeal is the jurisdiction of the first district court over a foreign corporation having an office in the city of ISTew York for the transaction of its business, in an action for services rendered by plaintiff in taking care of the office.
A foreign corporation has no corporate existence beyond the limits of the State in which it is created, yet it may transact business outside of such State, but elsewhere than in such State its existence is recognized as mere matter of comity (Bank of Augusta v. Earle, 13 Pet., 558; Ohio & Miss.R.R. Co. v. Wheeler, 1 Black, 286; Merrick v. Van Santvoord, 34 N. Y., 208, 220). It is the mere creature of the law of the State or government which gave it existence, and the validity of its acts, outside of the *359 State of its creation, depends upon the laws of the sovereignty where they are transacted. When it attempts to transact business in another State, it does so upon the conditions prescribed by its laws, and • subject to the process of its courts (Lafayette Ins. Co. v. French, 18 How. U. S., 404; Austin v. N. Y. & Erie R. R. Co., 1 Dutcher, 381; People v. Central R. R. of N. J., 48 Barb., 478).
Allen, J., in Stevens v. Phœnix Ins. Co., 24 How. Pr., 517, says: “When they avail themselves of this comity, and of the privileges thus conferred, and transfer their business, or any part of it, to another State, and establish agencies \vithin such State, although they remain inhabitants of the State of their incorporation, for the reason that the ‘ artificial, invisible and intangible ’ being, the ‘ mere creation of law;’ of a positive law which has no force, ex proprio vigore, beyond the State jurisdiction, cannot migrate ; they, quoad the business thus transferred, lose their citizenship and become to that extent citizens of the State under whose laws they transact their business, and of whose governmental protection they avail themselves.”
The defendants being to this extent subject to the laws of this State, the question is presented, whether any jurisdiction of the action appealed existed in the district court, where the defense of a want of jurisdiction was interposed by them. From the artificial and impersonal character of such an institution outside oí the State of its creation, it is evident a foreign jurisdiction over it must be of a special statutory character.
That conferred upon our courts has been progressive. Prior to the Revised Statutes, acts authorizing attachments against absent debtors were construed as having relation to natural persons only, and not to a corporation (McQueen v. Middletown Manuf. Co., 16 Johns. 5; and to the same effect are 16 Pick., 286, *360 and 14 Conn., 301); and it was also decided in the court of chancery, and affirmed on appeal, that that court had no power to attach the property of such á corporation (Rev. Notes, 3 Rev. Stat., 2 ed., 754, notes to §§ 15, 16).
In consequence of which jurisdiction was first given to the supreme court, against foreign corporations by way of attachment (2 Rev. Stat., 459, § 15 &c.); which by amendment in chapter 107 of the Laws of 1849, was extended to the superior court and common pleas of the city and county of Hew York, and to actions for debt or damages, upon contracts made within or causes of action arising within this State, to be commenced by summons and complaint with power to issue an attachment.
The amendments to the Code of Procedure, passed 1849, by chapter 438 of the laws of that year, sections 33 and 427, confirmed such jurisdiction in those courts, and also extended it to mayors’ and recorders’ courts of cities. Until the adoption of the constitution of 1846, and the enactment of the judiciary act of 1847 (ch. 470, § 45), justices’ courts had no jurisdiction of actions against corporations. The Code of Procedure of 1848 provided for the exercise of that jurisdiction.
By the amendments of 1851 to section 134 of the Code, service of summons in a suit against a corporation was authorized to be made on additional officers (treasurer and director) to those enumerated in the original section 113, as passed in 1848, and the further clause to the amendment reads as follows: “But such service can be made in respect to a foreign corporation, only when it has property within the State or the cause of action arose therein.” By the further amendments to the Code of 1852, section 64, subdivision 15, was made to read as follows: “15. The provisions of this act respecting forms of actions, parties to actions, the rules of evidence, the times of commenc *361 ing actions and the service of process upon corporations shall apply to these courts” (of justices of the peace), the clause in italics being that portion inserted by this amendment.
By the act of 1855, p. 470, ch. 279, every corporation created by the laws of any other State, doing business in this State, was required to designate some person, within the county in which it transacted its business, on whom process might be served, and if no such designation was made, the process might be served on any person who should be found within the State acting as the agent of such corporation or doing business for them ; but by a further amendment to section 134 of the Code, made in 1859, the following words were added to those in that section above quoted: “or where such service shall be made within this State, personally upon the president, treasurer or secretary thereof.”
This limitation of the mode of serving the summons upon foreign corporations, has probably superseded and repealed the provisions of the act of 1855. The justices’ courts in the city of New York are the subject of numerous acts, passed in and since the year 1820. By the act of 1852, chapter 324, they had received the appellation of district courts. The act of 1857, chapter 344, reorganized the courts with the juristiction conferred on justices of the peace, by sections 53 and 54 of the Code, where the sum recovered did not exceed two hundred and fifty dollars, and of actions upon the charter, ordinances and by-laws of the city, and also in cases provided for in sections 207 to 217 of the Code, as well as some other cases, and by section 48 of that act, sections 55 to 64 of the Code, both inclusive, and section 68, are made applicable to these courts. By section 4 of the act of 1857, subdivision 2, they have jurisdiction against corporations if the plaintiffs, or one of them, reside or the corporation (defendant) transacts *362 its general business, keeps an office, has an agency or is established by law, in the district (except the corporation of New York). None of the provisions of the Code in any way assume, in terms, to confer jurisdiction as against foreign corporations, except upon the courts of record specially named in sections 33 and 427, and while the provisions relating to the service of process, and which include service on both domestic and foreign corporations, are to be applied generally to all the courts of original jurisdiction named in the Code, they are yet to be accepted distributively with reference to the jurisdiction specially conferred upon each. Courts of special and limited jurisdiction, such as are courts of justices’ of the peace and district courts, are confined in their jurisdiction strictly to the authority given them. They take nothing by implication, but must in every instance show that the power has been expressly granted them (Loomis v. Bowers, 22 How. Pr., 361).
The jurisdiction over foreign corporations, conferred by sections 33 and 427 of the Code, is special and exclusive of any other. courts of this State than those named, and no contrary intent in the legislature to oust them of that jurisdiction can be inferred, and far less deemed to have been transferred to, or conferred upon, these inferior tribunals, by such general references as is made in any of these statutes, to “persons,” “parties,” “corporations,” “plaintiffs” or “defendants.”
The existence of such jurisdiction in- these courts has been heretofore expressly denied, in Paulding v. Hudson Manufg. Co. (2 E. D. Smith, 38), decided in this court in 1851.
The amendment made to the act of 1857, chapter 344, by the Laws of 1862, chapter 484, upon which it is claimed a change has been made in the law in this respect, cannot, in my opinion, be held to confer it, un *363 less by violating the foregoing principles of construction. No argument for such construction can be originated, unless by accepting the word “person,” as contained in sections 22 and' 33, as intended to confer authority to entertain jurisdiction against a foreign corporation.
In section 4 of the original act of 1857, the distinction between “persons” and a “corporation,” that is, as defendant, is presented, by the making of distinct enactments in respect to them, in its first and second subdivisions. Section 80 of that act, however, provides that the word “person,” where it occurs in the act, shall include a “corporation,” as well as a natural person; and this identity of signification must prevail, except where the distinction is plainly established; but such distinction between a “person” anda “corporation” (defendant), as is contained in section 4 and its subdivisions, being there expressly made, it is not destroyed or affected by the addition of subdivision 3 in the amendment of 1863, which again relates to persons, and perhaps corporations {'plaintiffs), as referred to in subdivision! of the original act; and although section 33 of the amendatory act provides, that “no person who shall have a place of business in the city of New York shall be “deemed to be a non-resident,” under the provisions of this act (whether referring to the original or amendatory act, is immaterial), this does not interfere with the express distinction between “persons” and “corporations” (defendants), created by the subdivisions of section 4.
The word “persons” has throughout its appropriate signification and reference to the previous provisions and to the distinctions there drawn between the subjects of the enactment “a person” and “a corporation” (being a defendant).
It has been repeatedly held, in construing similar acts relating to the powers of justices of the peace, *364 that the term “non-resident,” used therein, and in a like connection, is inappropriate, when applied to a corporation (Johnson v. Cayuga & Susquehanna R. R. Co., 11 Barb., 621; Sherwood v. Saratoga and Washington R. R. Co., 15 Id., 650; Dresser v. Van Pelt, 15 How. Pr., 19).
By a review of the legislation as to the powers of our courts over foreign corporations, it will be perceived that they have been (as the subject deserves) carefully guarded, and when conferred, made the matter of precise regulation, and granted in express terms. The control over matters appertaining to such institutions, does not come within the ordinary subjects of State legislation or jurisdiction of our courts, and for this reason, cannot be deemed within the contemplation of the legislature in their enactment of general laws relating to persons or corporations, either citizens of. the State or creatures of its acts. ' It would, for these reasons, be a violent and unauthorized construction of the amendments of 1862, to hold, by any implication, that the general terms used therein not only include domestic corporations (defendants) but also refer to and affect foreign corporations, so as to allow them to be sued in these courts of inferior and limited jurisdiction.
The district court, in my opinion, had, neither by express or implied grant, any jurisdiction of the. suit in which this appeal is taken, to proceed in inmtvm against the defendants, and the judgment should be reversed.
Charles P. Daly, Ch. J., concurred.