MICHAEL AHERN *v.* THE NATIONAL STEAMSHIP COMPANY.

A foreign corporation is the mere creature of the law of the State or government which gave it existencé, and the validity of its acts, outside of the State of its creation, depends upon the laws of the sovereignty where they are transacted. When it attempts to transact business in another State it does so upon the conditions prescribed by its laws and subject to the process of its courts.

From the artificial and impersonal character of such an institution outside of the State of its creation, it is evident that a foreign jurisdiction over it must be of a special statutory character.

The different and progressive statutes conferring jurisdiction over foreign corporations in this State explained and commented upon.

Courts of special jurisdiction are confined in their jurisdiction strictly to the authority given them, and take nothing by implication.

The District Courts of the city of New York have neither by express or implied grant, any jurisdiction in an action against a foreign corporation, having a place of business in that city, to proceed *in invitum ;* and a judgment rendered against such a corporation, it having appeared and objected to the jurisdiction, will be reversed.


Appeal from a judgment of the First District Court.

The plaintiff, a resident of the City of New York brought the action to recover the value of certain work and services performed by him for the defendant, a foreign corporation created by and organized under an act of parliament, but having an office or place of business in the city of New York. Upon the return day of the summons, the defendant appeared by counsel and objected that the court had no jurisdiction in such actions. The objection was overruled by the justice and the defendant withdrew from the case; the plaintiff thereupon proved his case and the justice rendered judgment in his favor for the amount of his claim, from which judgment the defendant appealed to this court.*

---

* On the first hearing of this appeal, April term, 1870, the judgment below was affirmed, with opinion of the court by Loew, J., reported in 8 Abbott, Pr. N. S. 283. On the application of the appellant a reargument was ordered, and on the rehearing of the appeal, the decision here reported was made.

*John Chetwood*, for appellant.

*Wm. C. Clifford*, for respondent.

By the Court.*—Robinson, J.—The only question presented on this appeal is as to the jurisdiction of the First District Court over a foreign corporation having an office in the city of New York, for the transaction of its business, in an action for services rendered by plaintiff in taking care of the office.

A foreign corporation has no corporate existence beyond the limits of the State in which it is created, yet it may transact business outside of such State, but elsewhere its existence is recognized as mere matter of comity. (*Bank of Augusta* v. *Earle*, 13 Peters, 558; *Ohio & Miss. R. R. Co.* v. *Wheeler*, 1 Black, 286; *Merrick* v. *Van Santvoord*, 34 N. Y. 220.) It is the mere creature of the law of the State or government which gave· it existence, and the validity of its acts, outside of the State of its creation, depends upon the laws of the sovereignty where they are transacted. When it attempts to transact business in another State, it does so upon the conditions prescribed by its laws, and subject to the process of its courts. (*Lafayette Ins Co.* v. *French*, 18 How. U. S. 408; *Austin* v. *N. Y. & Erie R. R. Co.* 1 Dutcher, 381; *People* v. *N. J. Central R. R. Co.* 48 Barb. 478.) Allen, J., in *Stevens* v. *Phœnix Ins. Co.* (24 How. Pr. 517), says: "When they avail themselves of this comity, and of the privileges thus conferred, and transfer their business, or any part of it, to another State, and establish agencies within such State, although they remain inhabitants of the State of their incorporation, for the reason that the 'artificial, invisible, and intangible being the mere creation of law,' and of a positive law which has no force *ex propria vigore*, beyond the State jurisdiction, cannot migrate; they, *quoad* the business thus transferred, lose their citizenship and become to that extent citizens of the State under whose laws they transact their business, and of whose governmental protection they avail themselves."

---

* Present—Daly, Ch. J., and Robinson, J.

The defendants being, to this extent, subject to the laws of this State, the question is presented, whether any jurisdiction of the action existed in the District Court where the defense of a want of jurisdiction was interposed by them. From the artificial and impersonal character of such an institution outside of the State of its creation, it is evident a foreign jurisdiction over it must be of a special statutory character. That conferred upon our courts has been progressive. Prior to the revised statutes, acts authorizing attachments against absent debtors were construed as having relation to natural persons only and not to a corporation (*McQueen* v. *Middletown Man. Co.* 16 Johns. 5). It was also decided in the Court of Chancery, and affirmed on appeal, that that court had no power to attach the property of such a corporation (Rev. notes, 3 R. S. 2d ed. 754, notes to § 15–16).

In consequence of which, jurisdiction was first given to the Supreme Court, against foreign corporations, by way of attachment (2 R. S. 459, § 15 &c.), which by amendment, in chap. 107 of the laws of 1849, was extended to the Superior Court and Common Pleas of the city and county of New York and to actions for debt or damages, upon contracts made within or causes of action arising within this State, to be commenced by summons and complaint, with power to issue an attachment.

The amendments to the code of procedure, passed in 1849, by chap. 438 of the laws of that year (§§ 33 and 427), confirmed such jurisdiction in those courts, and also extended it to Mayors' and Recorders' Courts of cities. Until the adoption of the constitution of 1846, and the enactment of the judiciary act of 1847, chap. 470, § 45, Justices' Courts had no jurisdiction of actions against corporations. The code of procedure of 1848 provided for the exercise of that jurisdiction.

By the amendments of 1851 to § 134 of the code, service of summons in a suit against a corporation was authorized to be made on additional officers (treasurer and director) to those enumerated in the original section 113, as passed in 1848, and the further clause to the amendment reads as follows: "But such service can be made in respect to a *foreign* corporation only when it has property within the State, or the cause of

actions arose therein." By the further amendments to the code of 1852, section 64, subdivision 15 was made to read as follows : " 15. The provisions of this act respecting forms of actions, parties to actions, the rules of evidence, the times of commencing actions, *and the service of process upon corporations,* shall apply to these courts " (of justice of the peace); the clause underscored being that portion inserted by this amendment.

By the act of 1855, chap. 274, every corporation created by the laws of any other State, doing business in this State, was required to designate some person, within the county in which it transacted its business, on whom process might be served, and if no such designation was made, the process might be served on any person, who should be found within this State acting as the agent of such corporation, or doing business for it; but by a further amendment to sec. 134 of the code, made in 1859, the following words were added to those in that section above quoted : " Or where such service shall be made within the State, personally upon the president, treasurer, or secretary thereof."

This limitation of the mode of serving the summons upon foreign corporations has probably superseded and repealed the provisions of the act of 1855.

The Justices' Courts, in the city of New York, are the subject of numerous acts passed in and since the year 1820. By the Act of 1852, chap. 324, they had received the appellation of District Courts. The Act of 1857, chap. 344, reorganized the courts, with the jurisdiction conferred on justices of the peace, by §§ 53 and 54 of the code, where the sum recovered did not exceed $250, and of actions upon the charter, ordinances and by-laws of the city ; and also in cases provided for in sections 206 to 217 of the code, as well as some other cases ; and by the 48th section of that act, sections 55 to 64 of the code, both inclusive, and section 68, are made applicable to these courts. By section 4 of the Act of 1857, sub-division 2, they have jurisdiction against corporations, if the plaintiff, or one of them reside, or the corporation (defendant) transacts its general business, keeps an office, has an agency, or is established by law, in the district (except the corporation of New York). None of the provisions of the code in any way assume,

*in terms*, to confer jurisdiction as against foreign corporations, except upon the courts of record specially named in §§ 33 and 427, and while the provisions relating to the service of process, and which include service on both domestic and foreign corporations, are to be applied generally to all the courts of original jurisdiction named in the code, they are yet to be accepted, distributively, with reference to the jurisdiction specially conferred upon each.

Courts of special and limited jurisdiction, such as are courts of justices of the peace and district courts, are confined in their jurisdiction strictly to the authority given them. They take nothing by implication, but must, in every instance, show that the power has been expressly granted them. (*Loomis* v. *Bowers*, 22 How. Pr. 361.)

The jurisdiction over foreign corporations conferred by sections 33 and 427 of the code, is special, and exclusive of any courts of this State other than those named, and no contrary intent in the Legislature to oust them of that jurisdiction can be *inferred*, and far less deemed to have been transferred to, or conferred upon, these inferior tribunals by such general reference as is made in any of these statutes to " persons," " parties," " corporations," " plaintiffs," or " defendants."

The existence of such jurisdiction has been heretofore · expressly denied these courts—in *Paulding* v. *Hud. Man. Co.*, 2 E. D. Smith, 38, decided in this court in 1851.

The amendment made to the Act of 1857, chap. 344, by the laws of 1862, chap. 484, upon which it is claimed a change has been made in the laws in this respect, cannot, in my opinion, be held to confer it, unless by violating the foregoing principles of construction.

No argument for such construction can be originated unless by accepting the word " person," as contained in sections 22 and 23, as intended to confer authority to entertain jurisdiction against a *foreign corporation.*

In section 4 of the original act of 1857, the distinction between " persons " and a corporation " that is a defendant," is presented, the making of distinct enactments in respect to them in its first and second sub-divisions.

The 80th section of that act, however, provides that the

word " person," where it occurs in the act, shall include a
" corporation " as well as a natural person, and this identity of
signification is plainly established; but such distinction between
" person " and " a corporation " (defendant), is contained in sec-
tion 4 and its sub-divisions, and being there expressly made, it
is not destroyed or affected by the addition of sub-division 3 in
the amendment of 1862, which relates to persons and perhaps
corporations (plaintiffs), as referred to in sub-division 1 of the
original act, and although § 23 of the amendatory act provides
that " no person, who shall have a place of business in the
city of New York, shall be deemed to be a *non-resident*, under
the provisions of this act " (whether referring to the original or
amendatory act is immaterial), this does not interfere with the
express distinction between "persons" and "corporations"
(defendants) created by the sub-divisions of section 4.

The word " person " has throughout the section its appro-
priate signification and reference to the previous provisions, and
to the distinctions there drawn between the subjects of the en-
actments, " a person" and " a corporation" (being a defendant).

It has been repeatedly held, in construing similar acts, re-
lating to the powers of justices of the peace that the term
" non-resident " used therein and in a like connection, is inap-
propriate, when applied to a corporation (*Johnson* v. *Cayuga &
Susq. R. R. Co.* 11 Barb. 621; *Sherwood* v. *Sar. & Wash. R.
R. Co.* 15 Barb. 650; *Dresser* v. *Van Pelt*, 15 How. Pr. 17).

By a review of the legislation relating to the powers of our
courts over foreign corporations, it will be perceived that they
have been (as the subject deserves) carefully guarded and,
when conferred, made the matter of precise regulation and
granted in express terms. The control over matters apper-
taining to such institutions, does not come within the ordinary
subjects of State Legislation or jurisdiction of our courts, and
for this reason cannot be deemed within the contemplation of
the legislature in their enactment of general laws, relating to
persons or corporations, either citizens of the State or creatures
of the act. It would for these reasons be a violent and un-
authorized construction of the amendments of 1862 to hold by
any implication, that the general terms used therein not only
include domestic corporations (defendants), but also refer to

and affect *foreign* corporations, so as to allow them to be sued in these courts of inferior and limited jurisdiction.

The District Court in my opinion, had neither by express or implied grant, any jurisdiction of the suit in which the appeal is taken, to proceed *in invitum* against the defendants, and the judgment should be reversed.

Judgment reversed.