## TRACY *v.* SHANNON.

*(Common Pleas of New York City and County, Special Term.* December 24, 1888.)

JUDGMENT—IN DISTRICT COURT—FAILURE TO SERVE PROCESS—APPEAL.

Where judgment has been rendered in the district court, against a defendant who has not been served with summons, though the return shows service, and who does not know that an action has been brought against him, his remedy is by appeal, under Code Civil Proc. N. Y. § 3057, regulating appeals from justices when errors of fact in the proceedings are alleged, showing by affidavit that he was not served, or by bill for injunction to stay execution, and for cancellation of the judgment, where he does not know that it has been rendered until the time to appeal has expired, and not by motion to set aside the judgment.

On motion to set aside judgment.

Action in the district court by Thomas Tracy against Thomas Shannon. Judgment by default for plaintiff, which was docketed in the county clerk's office, and which defendant moves to set aside, on the ground that he had never been served with summons. Code Civil Proc. N. Y. § 3057, referred to in the opinion, provides that "where an appeal is founded upon an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the justice, the court may determine the matter upon affidavits, or, in its discretion, upon the examination of witnesses, or in both methods."

*Ernest H. Crosby,* for motion. *Wm. G. McCrea,* contra.

VAN HOESEN, J. The remedy of Mr. Shannon is to appeal upon the alleged error in fact. Section 3057. The remedy under the old practice was by writ of error *coram vobis.* When the return of the marshal falsely or untruly certifies that the summons was served upon the defendant, and a judgment is rendered against him without his knowing that an action against him has been brought, he must appeal, and satisfy the appellate court by affidavit that he was not served. 2 Wait, Law & Pr. 74; *Fitch* v. *Devlin,* 15 Barb. 48; *Waring* v. *McKinley,* 62 Barb. 612; *Tanner* v. *Marsh,* 53 Barb. 439. If the defendant, who was not served with a summons, should not ascertain that a judgment against him has been rendered in a justice's court until the time to appeal from it has elapsed, he may by injunction stay the execution, and obtain a judgment for the cancellation of the justice's judgment. *Patterson* v. *Naehr,* common pleas chambers, December, 1888. The motion to set aside the judgment is denied, and the defendant is left to his remedy by appeal, or to his remedy in equity, if the facts should warrant it.