(14 Misc. Rep. 23.)

## PROGRESSIVE POWER CO. v. WROUGHT-IRON BRIDGE CO.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

ACTION AGAINST FOREIGN CORPORATION—JURISDICTION OF DISTRICT COURT OF NEW YORK CITY.

    Code Civ. Proc. § 1780, provides that an action may be maintained by one foreign corporation against another only in certain cases. Section 3215 gives district courts of New York City jurisdiction of actions against foreign corporations having offices in the city. *Held* that; failing proof that the case fell within the conditions of section 1780, the district court had no jurisdiction of an action between foreign corporations.

Appeal from First district court.

Action by the Progressive Power Company against the Wrought-Iron Bridge Company for work, labor, and services. Judgment was rendered for plaintiff, and defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Arthur H. Smith, for appellant.

James P. Lowry, for respondent.

BISCHOFF, J. The evidence adduced with regard to the contract sued upon supports the plaintiff's recovery, and the sole point in the case involves a question of jurisdiction. In our view, this question is to be solved favorably to the appellant. It is conceded that the plaintiff is a foreign corporation, not doing business within the state, and that the defendant is also a foreign corporation, but having an office for the transaction of business within the jurisdictional limits of the district court wherein the trial was had. There is no question as to the situs of property in the case, and the record is silent as to the place where the contract was made, or where the cause of action arose. Hence, under the provisions of section 1780 of the Code of Civil Procedure, the action was not to be entertained by any court of this state. The fact that the parties were foreign corporations being shown, the restrictions contained within the statute (Code Civ. Proc. § 1780)[1] presented conditions upon the existence of which the power of the court to determine the action was dependent. Perry v. Transfer Co. (Com. Pl.) 19 N. Y. Supp. 239. Thus, failing any proof that this case met one of these conditions, the court was necessarily without jurisdiction to adjudge the rights of the parties. Section 3215 of the Code, which appears to be relied upon by the respondent, merely cedes jurisdiction to the district courts of an action against a foreign corporation having an office within the city. That section certainly does not by implication repeal section 1780 of the Code, for the purpose of granting greater jurisdiction to the district courts than may be exercised by courts of record. Under section 3215, the district courts obtain a limited jurisdiction over actions against foreign corporations; the statute obviously intending the maintenance of an action against such a corporation in these courts only when the defendant has an office

   [1] Code Civ. Proc. § 1780, provides that an action may be maintained by one foreign corporation against another only in certain cases.

for the transaction of business in the proper locality, and when the plaintiff may bring suit, under our statute, within this state.    The courts of record, under section 1780 of the Code, are not confined jurisdictionally to actions against foreign corporations doing business within sovereign or municipal limits, the conditions expressed in the statute being fulfilled.    The necessary jurisdictional facts may possibly be brought out upon a new trial.    Judgment reversed, and new trial ordered, with costs to appellant, to abide the event.