(20 Misc. Rep. 367.)

ALLISON v. T. A. SNIDER PRESERVE CO.

(Supreme Court, Appellate Term. May 27, 1897.)

1. SHORT SUMMONS—NEW YORK DISTRICT COURT—FOREIGN CORPORATIONS.
   The provision of Laws 1882, c. 410 (Consolidation Act) § 1298, that a summons issued by a district court of New York City against a defendant who is not a resident of the city shall be returnable in not less than two nor more than four days from its date, and shall be served at least two days before the time for appearance mentioned therein, applies to foreign corporations, and an intention to distinguish between foreign corporations and nonresident natural persons is not manifested by the statute authorizing attachments against foreign corporations and nonresidents of the state, and by Code Civ. Proc. § 3210, as amended in 1884, providing that an attachment issued out of a district court against "a nonresident defendant" must be served not less than two nor more than four days before the return day of the summons.

2. APPEAL—DEFAULT JUDGMENTS—DISTRICT COURTS.
   An appeal lies to the appellate term of the supreme court from a judgment by default in a district court of New York City, where there was no personal service of process.

3. DISTRICT COURT—JURISDICTION—NONRESIDENTS.
   A district court of New York City has no jurisdiction of an action by a nonresident against a foreign corporation unless it appears that the cause of action arose in the state, or that the contract sued on was made therein.

Appeal from First district court.

Action by William W. Allison against the T. A. Snider Preserve Company. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Harris & Corwin (J. H. Corwin, of counsel), for appellant.
Epstein Bros., for respondent.

McADAM, J. Section 1298 of the consolidation act, relating to district courts, requires that:

"The time mentioned in the summons for the appearance of the defendant and the time of service must be as follows: (1) When the defendants or either

of several defendants is not a resident of the city, the summons shall be returnable in not less than two nor more than four days from its date. Such summons shall be served at least two days before the time for appearance mentioned therein."

And section 3210 of the Code of Civil Procedure, as amended in 1884, provides that:

"Where the warrant of attachment * * * is issued out of a district court of the city of New York, against a nonresident defendant, the said warrant * * * must require the marshal to attach * * * the property, on or before a day therein specified, which must be not less than two nor more than four days before the return day of the summons."

The amendment of 1884 was evidently intended to obviate the difficulties suggested by the decision in Sullivan v. Presdee, 9 Daly, 552, made three years previously, so that no impediment might exist in reference to the execution of attachments issued against nonresidents in the district courts. Language similar to that contained in section 1298 of the consolidation act as to short summonses will be found in the Laws of 1831 (chapter 300, §§ 32, 33), relating to justices' courts, and it was held to embrace nonresident corporations as well as natural persons. Perry v. Association, 22 Hun, 293. The defendant is a corporation, which, according to the plaintiff's affidavit, "resides at Cincinnati, Ohio," from which it must be inferred that it was created under and by virtue of the laws of that state, having its principal office at Cincinnati. The plaintiff cites Johnson v. Railroad Co., 11 Barb. 621, and Sherwood v. Railroad Co., 15 Barb. 650, as holding that a long summons is proper in actions against corporations. These cases merely hold that a short summons cannot be issued against a railroad corporation which runs through the county in which the action is brought, upon the ground that it is to be deemed an inhabitant in each county where its track is laid. 2 Cow. Treat. (Kingsley's Ed.) § 801; Belden v. Railroad Co., 15 How. Prac. 17. The purpose of the statute requiring a short summons or attachment against nonresidents is that the defendant may not be delayed in returning to his home, and that his property may not be impounded an unreasonable time before the appointed hearing, and the same reason applies to a nonresident corporation, managed, as it must be, by natural persons. The plaintiff contends that because the statute authorizes an attachment where the defendant is either a foreign corporation or not a resident of the state, the legislature intended to distinguish between the two cases, to the extent that, while a short summons must issue against a nonresident natural person, the long summons (ordinary process) was to be resorted to against a nonresident artificial person, as in case of residents. There is no reason for such a subtle distinction. The real purpose was to extend the right of attachment so as to include corporate as well as natural nonresidents, there being a serious question under previous statutes whether district courts had any such jurisdiction. Ahern v. Steamship Co., 11 Abb. Prac. (N. S.) 356. Indeed, prior to the Revised Statutes, acts authorizing attachments against absent debtors were construed as having relation to natural persons only, and not to corporations. McQueen v. Manufacturing Co., 16 Johns. 5; Ahern v. Steamship Co., supra. Neither the attachment nor summons was personally served on the defendant,

and it appeared only for the specific purpose of objecting to the jurisdiction of the justice, who overruled the objections urged, and rendered the judgment in favor of the plaintiff from which the appeal is taken.

Notwithstanding the power now possessed by district courts to open defaults and vacate judgments, an appeal lies to this court from a judgment by default where there was no personal service of process. Code, § 3046; Tracy v. Shannon (Com. Pl.) 3 N. Y. Supp. 245; Hurry v. Coffin, 11 Daly, 180, 2 Civ. Proc. R. 319; Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238; Pultz v. Diossy, 53 How. Prac. 270; Burkhard v. Smith, 19 Misc. Rep. 31, 42 N. Y. Supp. 638. The affidavit upon which the attachment was procured, not only alleges that the defendant is a foreign corporation, but that the plaintiff resides in the state of New Jersey: and fails to state that the cause of action arose in this state, or that the contract sued on was made therein, so that jurisdiction might attach if proper process had been issued. Progressive Power Co. v. Wrought-Iron Bridge Co., 14 Misc. Rep. 23, 35 N. Y. Supp. 130. It is clear that the justice, under the circumstances, never acquired jurisdiction to render the judgment appealed from. Where a court authorized by statute to entertain jurisdiction in the particular case, only, undertakes to exercise the power in a case to which the statute has no application, it acquires no jurisdiction, its judgment is a nullity, and it will be so treated when it comes in question, either directly by an appeal or collaterally. Risley v. Bank, 83 N. Y. 318. An appellate court may so far act upon the void determination as to reverse it, with costs of the appeal, and thus restore the parties to the position they originally occupied. McMahon v. Rauhr, 47 N. Y. 67.

It follows that the judgment must be reversed, with costs. All concur.