# COUNTY COURT—ONTARIO COUNTY,
## January 1916.

## THE PEOPLE v. HOWARD SPARROW.

(93 Misc. 468.)

JURISDICTION—OF CITY COURT OF GENEVA—NEW TRIAL—CRIMINAL LAW—
NEWLY DISCOVERED EVIDENCE.

    The City Court of the city of Geneva has no jurisdiction to grant
    a new trial in a criminal case tried before it upon the ground of newly-
    discovered evidence.

APPEAL from an order made by the City Court of the city of Geneva denying the defendant's motion for a new trial upon newly discovered evidence.

*E. A. Griffith,* for appellant.

*Horace W. Fitch, District Attorney,* for respondent.

KNAPP, J.:

On or about the 12th day of September 1913, the defendant was arrested in the city of Geneva, N. Y., upon the charge of assault, alleged to have been committed by him upon one Sadie Dubbs in the city of Geneva. On the 2d day of October, 1913, the defendant was convicted of the charge and was sentenced to be imprisoned in the county jail of the county of Ontario for eleven months. On December 23, 1913, the defendant made a motion in the City Court of the city of Geneva for a new trial upon the ground of newly discovered evidence, and on the defendant's motion, and from that order so made the defend-

ant appeals to this court.   This appeal must be determined irrespective of the merits and upon the ground that the City Court of the city of Geneva had no authority to grant the order asked for, whatever might have been the merits of the case. The City Court of the city of Geneva is a court of limited jurisdiction in criminal cases and has the same power to impose sentence which a justice of the peace of a town would have and has the same powers conferred upon Courts of Special Sessions.   Geneva City Charter, § 102.   In other words, the City Court of the city of Geneva, so far as the questions here involved are concerned, is the same as a Court of Special Sessions, and has, so far as this question is involved, no greater powers than those conferred upon a Court of Special Sessions by the laws of this state.   It has been repeatedly held that where a criminal trial has been had, and a certificate of conviction and sentence prepared and filed, a Court of Special Sessions is *functus officio* and cannot be reopened in connection with that case.   People ex rel. Cook v. Smith, 9 N. Y. Supp. 181; People v. Starks, 1 id. 721; People v. Jewett, 23 id. 942; Lattimore v. People, 10 How. Pr. 336.

I have been unable to find any provision of law that permits an application of this kind to be made.   This motion was evidently made under section 465 of the Code of Criminal Procedure, but it will be noticed that that section is a part of part 4 of the Code of Criminal Procedure, which relates only to proceedings in criminal actions prosecuted by indictment.   It was held in the case of People v. Bates, 38 Hun, 181, that section 135 of the Code of Criminal Procedure, which is a part of part 4 above referred to, only applies to crimes that might have been prosecuted by indictment and did not apply to Courts of Special Sessions.   In the case of People v. Johnston, 187 N. Y. 319, 20 N. Y. Crim. 140; it is expressly held that part 4 of the Code of Criminal Procedure, embracing sections 133 to 699, relates to: " Proceedings in criminal actions pros-

ecuted by indictment," and has no bearing upon actions prosecuted without an indictment.

Courts of special and limited jurisdiction, such as are courts of justice of the peace and district courts, are confined in their jurisdiction strictly to the authority given them. They take nothing by implication, but must, in every instance, show that the power has been expressly granted them. 11 Cyc. 771; Ahern v. National Steam Ship Co., 3 Daly, 399, 403; Loomis v. Bowers, 22 How. Pr. 361.

I have been unable to find any authority expressly given to courts of limited jurisdiction that would permit the granting of this order. The defendant's remedy, it seems to me, if he has been unjustly convicted, is upon an application to the executive of the state for relief, and not to the courts.

An order may be entered affirming the order appealed from.

**Order affirmed.**