John J. Walsh, J.
Defendant-appellant, 20 years of age, claims that he was arrested about 2:06 a.m., on May 27, 1962 in the Town of Trenton and immediately taken before the Justice. It is claimed that he pleaded guilty to a charge of leaving the scene of an accident, was fined and had his license revoked.
*28 Although defendant sets forth a variety of errors which he claims were denials of his constitutional or statutory rights, I am not satisfied that the Justice failed to observe the. duties ,and responsibilities of his office and this memorandum is not to be construed as any criticism whatever of him.
It does appear, however, not only from the affidavit of the defendant but by the affidavit of the alleged complaining witness, William E. Cirtwell, that if any crime was in fact committed, it occurred in Herkimer County and not in Oneida County. In such event, defendant maintains that no jurisdiction vested in the Court of Special Sessions and the conviction is a nullity.
The affidavit of the complainant Cirtwell states that he was driving his automobile over the bridge from Hinckley to Grant, N. Y., and that he was about three fourths of the way over the bridge toward the Grant side when the incident occurred. He further swears that “ all of the events above mentioned took place in Herkimer County.”
The bridge which spans the West Canada Creek from Hinckley, Town of Trenton, Oneida County, New York, to Grant, Town of Russia, Herkimer County, is on the boundary line between the counties of Oneida and Herkimer.
Section 135 ,of the Code of Criminal Procedure provides: ‘ ‘ When a crime is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either county. ’ ’
This provision, however, applies only to actions prosecuted by indictment in Courts of General Sessions and does not confer jurisdiction on Courts of Special Sessions or Magistrates holding such courts. (People v. Bates, 38 Hun 180; People v. Kyser, 78 Misc. 68; People v. Sparrow, 93 Misc. 468.)
In view of the lack of jurisdiction in this matter, the judgment of conviction must be reversed; the fine remitted and the information dismissed.